THE PEOPLE EX REL. PHILIP P. MIDLER v. THE JUDGE OF THE SUPERIOR COURT.

*Service of process.*

Service of process by merely laying it on the body of a man too sick to understand it, is invalid.

MANDAMUS. Motion submitted and granted January 29.

*Griffin & Dickinson* and *Hoyt Post* for the writ.

*R. Laidlaw* and *S. E. Engle* against.

PER CURIAM. Mandamus is sought to compel the court below to set aside the service of process as insufficient.

The returns taken together show that service was made on the original defendant, whose executors make this application, when he was in his last illness, and a short time before his death, and that it was made under directions of the plaintiff's attorneys to serve it by laying a copy on his body while confined to his bed. The declaration was not shown or explained to the party, nor was the copy left on his bed put in his possession or brought to his comprehension; and the only inference to be drawn from all the facts is that the defendant neither then nor at any time was capable of any such understanding. We think a service made under these circumstances cannot be upheld. In the ordinary cases of infants or lunatics no proceedings can be had without the appointment of a guardian. Here the party died before the time for appearing expired, and there was never during

his lifetime a service made or a consciousness of any attempted service, which could render it proper to bind him. It would be an abuse of process to hold such proceedings lawful, and we think they should be set aside as wholly illegal.

We make no remarks upon the very singular separate affidavits of the officer making the return beyond the suggestion that their inconsistencies are very striking.

Mandamus granted.