## F. S. MURPHY

*v.*

## MATTHIAS LOOS.

*Filed at Ottawa November 20, 1882.*

JUDICIAL SALE—*insufficient service of original process—judgment for more than is due—subsequent bona fide purchasers—relief in favor of the debtor.* A sued B upon a note upon which payments had been made, and B, when served with process, was in such a condition of mind from intoxication as not to comprehend the nature and meaning of the service. A took judgment for the whole amount of the note, allowing no credit for the payment, sued out an execution, and had it levied on a lot of B, and became the purchaser, and received a sheriff's deed, after which he sold the lot to C and D, who paid him a part of the price, and gave him their notes, secured by mortgage, for the balance. C and D were *bona fide* purchasers, without notice of the equities of B. B knew nothing of the judgment until after the

sale to C and D. B filed his bill to have the sale set aside, or if C and D were *bona fide* purchasers, to reach the purchase money paid and to be paid: *Held*, that the proper decree was to confirm the title in C and D, and require A to surrender to B the notes and mortgage for the unpaid purchase money, and require C and D to pay the same to B, and to require A to pay B the purchase money he had received, less the amount then due of principal and interest unpaid upon the note of B, and interest upon that balance from the time of its receipt.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLOUGHBY & DOUGHERTY, for the appellant:

The complainant not being so drunk at the time of service on him as to be *non compos mentis*, can not take advantage of his own wrong in getting drunk voluntarily. *Bates* v. *Ball et al.* 72 Ill. 119.

Courts of equity will not relieve against gross negligence in asserting rights. *Walker* v. *Shreave et al.* 87 Ill. 474; *Hewitt* v. *Lucas*, 42 id. 296; *Walker* v. *Kretzinger*, 48 id. 502; *Winchester* v. *Grosvenor*, 48 id. 515; *Higgins* v. *Bullock*, 73 id. 205.

The return of the officer as to the service of the summons is conclusive. Freeman on Judgments, sec. 132; 30 Cal. 439; *Smith* v. *Smith*, 22 Iowa, 516; *Cairo and St. Louis R. R. Co.* v. *Holbrook*, 92 Ill. 297.

Nor will a court of equity undertake to question the correctness of a judgment at law for irregularity. *Crafts* v. *Hall et al.* 3 Scam. 131; 3 Johns. Ch. 275.

Courts will not relieve after an unreasonable delay. *O'Halloran* v. *Fitzgerald*, 71 Ill. 53; *Lloyd* v. *Karnes*, 45 id. 62.

Messrs. LANPHERE & BROWN, for the appellee:

Courts of equity, in a proper case, will set aside judgments obtained by fraud, or through mistake or accident, or for want of jurisdiction of the person or of the subject matter.

*Earl of Oxford's case,* 13 Jac. 1, 1 Ch. 1; *Davis* v. *Fileston,* 6 How. 114; *Nelson* v. *Rockwell,* 14 Ill. 375; *Truit* v. *Mainright,* 4 Gilm. 418; *Heinrich* v. *DeZoya,* 2 id. 385; *Propst* v. *Meadows,* 13 Ill. 157; *Vennum* v. *Davis,* 35 id. 568; *M. Ins. Co.* v. *Hodgson,* 7 Cranch, 333; *Grimes* v. *Williams,* 16 Ill. 47; *Weaver* v. *Poyer,* 70 id. 567.

And this they will do, even though the record shows jurisdiction of both the person and the subject matter. *Nelson* v. *Rockwell,* 14 Ill. 375; *Owens* v. *Ransted,* 22 id. 161; *Vennum* v. *Davis,* 35 id. 568; *Thompson* v. *Whitman,* 18 Wall. 457; *Miller* v. *Handy,* 40 Ill. 448; *Ward* v. *Dewey,* 16 N. Y. 422; *D'Arcy* v. *Ketchum,* 11 How. 165; *Webster* v. *Reed,* 11 id. 437; *Harris* v. *Hardman,* 14 id. 334; *Borden* v. *Fitch,* 15 Johns. 141; *Starbuck* v. *Murry,* 5 Wend. 156; *Christmass* v. *Russell,* 5 Wall. 290; *Moulin* v. *Insurance Co.* 4 Zabr. 222; *Price* v. *Ward,* 1 Dutch. 225; *Mackey* v. *Gordon,* 34 N. J. 286; *People* v. *Dawell,* 25 Mich. 247; *Lyon* v. *Lyon,* 2 Gray, 367; *Chase* v. *Chase,* 6 id. 157; *Smith* v. *Smith,* 13 id. 209; *Shannon* v. *Shannon,* 4 Allen, 134; *Leith* v. *Leith,* 39 N. H. 20; *Ditson* v. *Ditson,* 4 R. I. 87; *Thompson* v. *State,* 28 Ala. 12; *Parish* v. *Parish,* 32 Ga. 653; *Hoffman* v. *Hoffman,* 46 N. Y. 30; *Pearce* v. *Olney,* 20 Conn. 541.

Flynn and Merrick had sufficient notice to put them upon inquiry. *Henneberry* v. *Morse,* 56 Ill. 394; *Harper* v. *Ely,* 56 id. 179; *Bank* v. *Godfrey,* 23 id. 531; *Franze* v. *Orton,* 75 id. 100.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit in chancery, brought in the circuit court of Knox county, in 1879, by Matthias Loos, seeking to set aside a sheriff's deed made in May, 1877, conveying to Murphy a lot in Galesburg, sold on execution January 31, 1876, as the property of complainant, for the sum of $205.28, and also seeking to set aside the judgment under which the sale was

made; seeking also to set aside a deed made by Murphy
February 13, 1879, conveying the same property to Flynn
and Merrick, charging that Flynn and Merrick were not *bona
fide* purchasers, but asking that if it should turn out that
they bought *bona fide,* complainant should have the unpaid
part of the purchase money paid to him, and that Murphy
should account to him for his losses by reason of the pro-
ceedings under the judgment. On hearing, the court (being
advised by the verdict of a jury upon issues formed for that
purpose) found that at the time of the service of the sum-
mons, in the suit in which the judgment in question was
rendered, the condition of the mind of Loos was not such "as
to enable him to understand the nature and meaning of the
service;" that the service of that process was procured by
the fraud of F. S. Murphy; that the judgment itself was
procured by Murphy through fraud, and that the note on
which the judgment was rendered had, prior to that time,
been put in judgment by Murphy. The court also found that
Flynn and Merrick were *bona fide* purchasers. The decree
confirmed the title to the lot in Flynn and Merrick, and
required Murphy to surrender to the clerk of the court two
notes of Flynn and Merrick, given to him as part of the pur-
chase price of the lot, and secured by mortgage, and that
Flynn and Merrick should pay the same to complainant, and
by the decree Murphy was required to pay to complainant
$285.75, and the costs of suit. This decree was affirmed in
the Appellate Court, and Murphy appeals to this court.
Afterwards Loos brought a writ of error to the circuit court,
making Murphy, and also Flynn and Merrick, defendants in
error. These two cases are now considered together.

Flynn and Merrick are content, and insist that the decree
as to them shall be affirmed. Murphy insists that the decree
is all wrong, and should be reversed. Loos insists that the
findings against Murphy are right, and that Flynn and Mer-
rick are not *bona fide* purchasers, and claims that the title to

the lot should be unconditionally restored to him, otherwise that the present decree shall be affirmed.

We have carefully examined the proofs, and find the testimony as to the condition of mind of complainant at the time of the service is very contradictory, and after a full review of the same we think the finding of the court in that regard is sufficiently sustained by the proofs, and ought not to be disturbed.

As to the findings that the service of process and the entry of the judgment were procured through fraud on the part of Murphy, we do not find any proof tending to establish one single fraudulent act on the part of Murphy. The finding that the note was already merged in a judgment, as against Matthias Loos, is conceded to be true. It is shown that Loos was drunk when he was served, and so drunk as not to comprehend what was the nature and effect of the service, and while it does not appear that Murphy acted with any wrongful or fraudulent intent in sending the constable to make the service, still it does appear that he knew that Loos had been drinking freely, and he acted improvidently and negligently, under the circumstances, in not inquiring into the real condition of Loos, and in founding his judgment and sale, and subsequent proceedings, upon the service, without further inquiry. It is apparent that Loos lived in actual ignorance of the judgment and of all subsequent proceedings, until after the sale to Flynn and Merrick.

Under all the circumstances, which are very peculiar, the interests of Loos ought to be protected, so far as they can be without doing injustice to others. By the accident of the actual ignorance of Loos, and partly through the improvidence of Murphy, Loos has lost his title to his lot. Murphy ought not in good conscience seek to profit by the transaction, but he should be made whole, for the misfortune of the accident should be borne by Loos. The note on which the judgment was rendered had been partially paid at the time

of the judgment, and Murphy took judgment for more than was due. There was then unpaid upon the debt represented by the note only about $100. Murphy, in our judgment, ought to be required to surrender the whole of the purchase money received from Flynn, except so much as would pay to him the balance due on the debt represented by that note; and this, at the time he received $250 from Flynn and Merrick, was about the sum of $125. He had expended some money in costs, but by reason of the heedlessness and irregularity of his proceedings he ought to suffer that loss.

The decree of the circuit court is, in our judgment, right in all respects except in the amount of money Murphy is required to pay to Loos, and except as to the costs. Murphy ought to have been required to turn over, for the benefit of Loos, the unpaid notes and mortgage of Flynn and Merrick, and to pay to Loos the amount of money actually received from Flynn and Merrick, less the amount then due (interest and principal) and unpaid upon the debt originally represented by the note on which the judgment was founded, and interest upon that balance from the time of its receipt by Murphy. The writ of error by Loos is therefore ordered to be dismissed at his costs, and the judgment of the Appellate Court affirming the decree of the circuit court is reversed upon the appeal of Murphy, and the cause remanded to the Appellate Court, that the decree be reversed, and the cause remanded to the circuit court, with direction to enter a decree as above indicated.

*Decree reversed.*