# CHARLESTON.

STATE *ex rel.* HEATHERLY *v.* SHANK, SHERIFF.

Submitted February 1, 1892.—Decided March 19, 1892.

1. SHERIFFS—REMOVAL FROM OFFICE—NOTICE—BOND.

Where a sheriff has been regularly elected and having qualified and given bond, as required by law, has assumed the duties of his office, such office can not be declared vacant by the County Court, under section 20 of chapter 10 of the Code, for failure to give a new bond or an additional bond to that already given, when so required by said court, until he is notified of such requirement.

2. SHERIFF—REMOVAL FROM OFFICE—NOTICE—BOND—NON COMPOS MENTIS.

Service of such notice will not be sufficient to authorize the court to declare such office vacant for failure to comply with such requirement, if the same is delivered to such sheriff when he is *non compos mentis* or insane.

3. SHERIFF—REMOVAL FROM OFFICE—QUO WARRANTO—PARTIES.

Where the office of sheriff is declared vacant for failure on the part of the sheriff to give a new or additional bond when so required by the County Court, and another person is appointed by said court to fill the vacancy so declared, and proceedings in the nature of a writ of *quo warranto* are instituted by the sheriff so deprived of the office against the person appointed to fill the vacancy so declared, and the latter declines to make any defence to said proceeding, the Circuit Court can not admit the County Court as a defendant against said proceeding.

*Dayton & Dayton* for plaintiff in error cited High Ex. Leg. Rem. §§ 591, 639b, 739; Id. Chap. 195; 38 Mich. 310; 104 Ill. 514; 2 Dana 452.

*C. F. Teter* for defendant in error cited 27 W. Va. 251, 253; Code, c. 10, ss. 14, 20; 7 Waite Ac. Def. 50; 11 Ency. Law 159; Id. 127; Code, c. 125, s. 13; 11 Am. & Eng. Ency. Law 128, n. 1, 2, 3; Id. 129; 15 Neb. 295.

ENGLISH, JUDGE:

This was a proceeding in *quo warranto* instituted by J. E. Heatherly in the Circuit Court of Barbour county at the

July term, in the year 1889, against John W. Shank. The petition then filed by said J. E. Heatherly represented that at the general election for this State held on the 6th day of November, 1888, he was duly elected in the manner prescribed by law sheriff of said county of Barbour; that the certificate of election thereto was regularly awarded to him, and that on the 11th day of November, 1888, he executed before the County Court of said county approved bonds such as are required by law, and duly qualified as such sheriff; that he exibited a certified copy of the record evidencing the action of said County Court; that the term of said office with which he was so invested by the choice of the good people of said county is fixed by law to begin on the 1st day of January, 1889, and extends thence for the succeeding four years, so that for that time petitioner was invested with and entitled to the said office of sheriff, with all the rights, profits, and immunities thereto appertaining; and he avers and insists that he is now in fact such sheriff, and has done nothing whereof to be properly deprived thereof; that on the 11th day of January, 1889, petitioner fell violently ill, so that he was confined to his house and room, and has no general recollection of passing events as they happened around him from the Sunday following, that is, from the 13th day of January, 1889, until he found himself in the insane asylum at Weston thereafter; that during the earlier part of his said illness the petitioner's life was for a long time despaired of, and he had four skillful physicians in consultation over him, as he was credibly informed; that during this time he was in a state of utter mental alienation, but becoming improved in health he was, as he was informed, by regular proceedings *de lunatico inquirendo*, found insane, and committed to the said asylum on the 25th day of April following, and was from there discharged on the 31st day of May, 1889;—that petitioner, who had no committee appointed for him over his estate at any time, was from the 13th day of January to the 31st day of May following *non compos mentis*, and therefore *civiliter mortuus*, and could not be made a party or held answerable to any civil process without the intervention of a personal representative in whose name to proceed;—that on the 6th day

of February, 1889, the same County Court, whose members had taken the action of the previous 11th of November in the premises, determined upon a counter procedure therein, and accordingly they ordered petitioner peremptorily, without leave to show cause against it, to give new or additional bonds on the first day of the ensuing April term of their court; that an amotion from said office was not suggested or hinted at as a consequence of default, but that nevertheless some one, as he is informed, in violation of the express orders of his physician, was found so armed to force his way and make personal service of such court-order upon petitioner, who was as wholly unconscious thereof as a dead man;—that this assumed service in person purports to have been made the 11th day of March, 1889, and an attested copy of said court-order, and return thereon, were exhibited with said petition;—that his situation and mental condition were well known to the said County Court at the time, as it was notorious throughout the county, yet the said court on the 5th day of April, 1889, without any motion made or special grounds set forth, made its order of record depriving petitioner of his said office, and appointing the defendant John W. Shank as such sheriff in the place of petitioner, an attested copy of which was exhibited; —that the said John W. Shank, a surety of petitioner on his official bond, was also constituted and sworn as petitioner's deputy, and was such deputy at the time he so became substituted as such sheriff to petitioner; that, under color of such action and authority of the said County Court, it is, as petitioner infers and believes, that the said John W. Shank expects to justify and sustain himself in the premises, and, relying on said color of right the said John W. Shank refuses to surrender his pretentions, and has proceeded to constitute and have sworn a deputy under himself, as such sheriff of Barbour county, which he pretends and asserts himself to be, and to have full right and title therein; and petitioner averred that said John W. Shank had intruded into and usurped the said office from him as contemplated in the 4th clause of section 6 of chapter 109 of the Code of 1887;—that under the ninth section of said chapter petitioner was entitled to file an information in the nature of a

writ of *quo warranto* against him, the said Shank, to assert
petitioner's right and title as against him in the premises,
wherein all that is shown in the said action of the County
Court will not sustain the said defendant's claim of right
therein. He therefore prayed leave to file such information
in the Circuit Court against said Shank, and that a rule
might be awarded in vacation against the said Shank, re-
turnable at the next term, citing him to show cause, if any
he could, why the said information should not be then and
there filed, which petition was duly signed and sworn to.

At the July term, 1889, of said Circuit Court, an in-
formation was filed by said J. E. Heatherly as follows, to wit,
"James E. Heatherly, under and by virtue of the statute in
such cases made and provided, now, in the name of the
state of West Virginia, here in open court comes, and prose-
cutes herein, and gives this honorable court to understand
and be informed as follows, to wit: That whereas, at a gen-
eral election on behalf of and by the people of the state,
in and through the several counties, on the 6th day of
November, A. D. 1888, he, the said James E. Heatherly,
was duly elected sheriff of the said county of Barbour for
and during the term of four years, to commence and be
held on and from the 1st day of January, A. D. 1889, for
the said term, to be from thence fully completed and ended;
and that after such election, and the same having been pro-
perly certified to him according to law, he, the said James
E. Heatherly, afterwards, to wit, on the 11th day of
November, A. D. 1888, went in proper person before the
court of the said county of Barbour, at the court-house
thereof, then in session, and entered into the proper official
bonds required by law, with surety sufficient therefor, and
then and there duly approved by the said court; whereupon
the said James E. Heatherly also took the oath of office be-
fore the said court, and then and there in all respects
qualified according to law, and took upon and completed in
himself a vested right and title to and in the said office of
sheriff of the said county of Barbour; and upon and after
the said 1st day of January, A. D. 1889, he, the said James
E. Heatherly, then and there entered upon the said office,
and by himself, and those properly deputed under him,

did perform and discharge the duties thereof and appertaining in any wise thereunto, until the 5th day of April next thereafter, to wit, April 5, A. D. 1889, at which time John W. Shank, who is now exercising the duties of the said office, as he assumes now in the said county to do, then and there did, without lawful or sufficient authority in the premises, and with force and arms, intrude into, and from him (the said James E. Heatherly) usurp, the said office of sheriff of the said county of Barbour, and ousted him (the said James E. Heatherly) therefrom, and wholly thence deprived him thereof, and since withholds the same from him, against the peace and dignity of the state; whereupon the said James E. Heatherly, and pursuant to the statute aforesaid, now craves here the consideration of the said court in the premises, and that due process of law may be awarded in the name of the state against the said John W. Shank herein, to cause him to answer the said information, and disclose to this honorable court by what warrant he has so intruded upon and usurped the said office, and still withholds the same from the said James E. Heatherly."

On the 13th day of November, 1890, the following order was entered in said proceeding: "This cause was submitted to the court on the last day of the last term, and, for reasons appearing to the court, the County Court was admitted a party defendant, the defendant Shank declining further to make defence, and the County Court, by C. F. Teter, prosecuting attorney, demurred to the plaintiff's petition and the information filed; and the court having maturely considered the demurrer aforesaid, and the petition and exhibits and information filed, doth sustain said demurrer. It is therefore considered by the court that the plaintiff's petition and information filed be, and the same is hereby, dismissed, with costs," *etc.*

From this order the said Heatherly obtained this writ of error.

The first error assigned is that it was error to admit the County Court as defendant to said proceeding. Upon this question as to the propriety of making said County Court a party defendant, it is true that our Code, c. 125, s. 58,

provides : "Whenever, in any case, a complete determination of the controversy can not be had without the presence of other parties, the court may cause them to be made parties to the action or suit by amendment." In this proceeding, however, no action or judgment appears to have been sought or contemplated against the County Court. The object of the proceeding was to determine by what right, if any, the defendant John W. Shank held the office of sheriff of Barbour county, to assert a better right in the relator, and to obtain a judgment of ouster against said Shank. No judgment, which the relator could have obtained against the County Court, could have afforded him the relief he sought, and for that reason the presence of the County Court as a party to the proceeding was unnecessary for a complete determination of the controversy.

Suppose the County Court, instead of demurring, had seen proper to plead, what facts alleged in the petition or set forth in the information could it have traversed, and, if upon the facts proven the opinion of the court had been in favor of the relator, what judgment could have been rendered against the County Court? The material allegation set forth in the petition and information was that the defendant, John W. Shank, had without lawful or sufficient authority intruded into and usurped the office of sheriff of Barbour county from the said James E. Heatherly ; and while the determination of this question incidentally involved the action of the County Court in vacating said office and appointing said Shank sheriff of said county, the action of said County Court was merely an incident to be considered in determining the right of the defendant John W. Shank to hold said office ; and the County Court had no more right to be brought in as a party to defend its action in the premises than any inferior court has a right to be heard when the regularity and legality of its proceedings are brought in question in an appellate court. It was not in the power of the County Court to undo its action in vacating said office, and no judgment against the County Court could have rendered the relator the relief he sought. We can therefore see no good reason for the action of the Circuit Court in admitting the County Court as a defendant.

But if it be conceded that it was right and proper to admit the County Court as a defendant, and to allow it to interpose a demurrer, what is the effect of that demurrer ? It admits the facts alleged in the information, to wit, the legal election and qualification of said Heatherly as sheriff of Barbour county for the term commencing on the 1st day of January, 1889; that he executed the bonds required before said County Court on the 11th day of November, 1888, which bonds were approved by said court; that he qualified as required by law, and assumed the duties of said office; that on the 5th day of April, 1889, the said John W. Shank, without lawful authority, forcibly intruded into the office and usurped it from him. It must be understood, too, that an information of this character can not be filed as a matter of right, but is allowed by the court in the exercise of its sound discretion ; and it will be perceived from the record that on the 13th day of July, 1889, said Heatherly presented his petition, verified by affidavit, asking leave to file an information in the nature of a writ of *quo warranto* against said John W. Shank, which information was presented with his said petition ; upon consideration whereof it was ordered that said information, in the name of the State of West Virginia, at the relation of said James E. Heatherly against said John W. Shank, be filed, and that the said John W. Shank be summoned to appear before the court at the next term thereof to answer said information, and show by what warrant he held the office of sheriff of Barbour county, W. Va.

Upon this question we find that High, in his valuable work on Extraordinary Legal Remedies, second edition (section 606) says: "The right of a court to exercise its discretion in granting or withholding leave to file an information is not limited even by a statute authorizing the granting of the remedy at any time upon proper showing made."

Under our statute, the language is: "If, in the opinion of such court, the matters stated in such information are sufficient in law to authorize the same to be filed, an order shall be made filing the same, and awarding a summons against the defendant named therein to answer such information."

Mr. High continues: "The spirit of such a statute is held to contemplate the right of the court to refuse the application if it shall see fit, and, since the remedy is in no sense a matter of absolute right on the part of a claimant to an office, he must, notwithstanding such a statute, present to the court such facts as will enable it to decide the right to the office in question. It is, however, important to observe that when the court has, in the exercise of its discretion, allowed the information to be filed, it has exhausted its discretionary powers, and the issues of fact and of law presented by the pleadings must then be tried and determined in accordance with the 'strict rules of law, in the same manner and with the same degree of strictness as in ordinary cases. *State* v. *Brown*, 5 R. I. 1; *Stone* v. *Wetmore*, 44 Ga. 495."

It will be perceived that, under our statute, when a party interested applies to the court for leave to file an information in the nature af a writ of *quo warranto*, it is provided: "If, in the opinion of such court, the matters stated in such information are sufficient in law to authorize the same to be filed, an order shall be made filing the same, and awarding a summons against the defendant named therein to answer such information." So that upon the application to file such information the court is called upon to decide the identical question which would be raised by demurrer to the information, to wit, whether the matters stated in such information are sufficient in law to authorize the same to be filed.

The record in this case shows that on the 13th day of July, 1889, said information was presented to the court, with his petition, by the plaintiff in error, which information was considered by the court, and ordered to be filed, and process was awarded against said John W. Shank; and on the 13th day of November, 1890, it appears that the County Court had been admitted a party defendant, the defendant Shank declining further to make defence; and that the County Court demurred to the plaintiff's petition, and the information filed, which demurrer was sustained, that is, the court then held that said information was not sufficient in law, and dismissed the same—which action

would have been erroneous even if the County Court had been a proper party and entitled to interpose its demurrer.

Again, if the County Court had been properly made a party defendant, its demurrer to the petition admitted the fact therein alleged, that when the plaintiff in error was notified of the requirement to give a new bond he was *non compos mentis*, and wholly unconscious of the fact, and that his mental condition was well known to said County Court at the time said service was attempted; when this admitted fact is taken in connection with the statute (Code, c. 10, s. 20, p. 86) which provides that "if the officer so required to give a new bond, or give such additional bond, after being notified of the requirement, fail to comply therewith within the time required, his office shall be deemed vacant" etc. See *People* v. *Superior Court Judge*, 38 Mich. 310, where service of process was obtained by merely laying it on the body of a man too sick to understand, it was held invalid; also *Cates* v. *Woodson*, 2 Dana, 452, where it was held that process served upon an insane man in person, but not upon his curator, was insufficient. See, also *Murphy* v. *Loos*, 104 Ill. 514.

We can not hesitate in our conclusion that said County Court had no authority either to declare said office vacant, or to appoint said Shank to fill the vacancy. We are further of opinion that, when the said John W. Shank declined to make any defence to said proceeding, the Circuit Court erred in allowing the County Court to be made a party defendant thereto; but that the Circuit Court, when said defendant declined to make a defence, should have heard the case upon its merits; and, if the plaintiff sustained his allegations, the court should have rendered judgment of ouster against the defendant. The demurrer in this case having been filed by the County Court, which, as we hold, was improperly made a party defendant, the admissions occasioned thereby could not be binding upon the defendant, Shank. The case must therefore be reversed, and remanded, with costs.

REVERSED. REMANDED.