DAMEN SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* WILLIAM T. JOHNSON *et al.*, Defendants-Appellants.

Second District   No. 2—83—0696

Opinion filed August 17, 1984.

Marshall N. Dickler, Ltd., of Arlington Heights, for appellants.

Wheeler, Wheeler & Wheeler, of Woodridge, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Shorewood Condominium Association (Shorewood), appeals from an order of the trial court placing plaintiff, Damen Savings & Loan Association (Damen), in possession of a condominium unit in Shorewood's condominium complex. Damen was placed in possession pursuant to section 12—123 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—123), after a judgment satisfying a mortgage indebtedness by vesting absolute title to the mortgaged condominium unit in Damen was entered under section 12—127 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—127). The sole issue raised on appeal is whether the vesting of title to the mortgaged condominium unit in Damen under section 12—127 was free and clear of Shorewood's claim to possession under its recorded declaration of condominium.

On October 16, 1979, William T. Johnson, as mortgagor, executed a mortgage on the condominium unit in question with Damen as mortgagee. On August 17, 1982, Damen filed a complaint for foreclosure of the mortgage and for sale of the premises. Shorewood filed a counterclaim against Damen, Johnson and others for the annual assessments and other charges which were owing to Shorewood on the unit. Judgment was entered in the foreclosure action on June 10, 1983. The judgment vested absolute title in Damen pursuant to section 12—127 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—127). The trial court also granted Damen summary judgment on Shorewood's counterclaim.

On June 16, 1983, Damen filed a petition to place it in possession of the condominium unit. Shorewood opposed this petition, claiming it had a superior right to possession. Shorewood's right to possession was based on a provision of the declaration of condominium allowing

Shorewood to take possession if a unit owner defaulted on payment of annual assessments or other charges. Shorewood had previously filed a forcible entry and detainer suit against Johnson and had obtained an order of possession on August 24, 1982. On July 5, 1983, the trial court entered an order placing Damen in possession. Shorewood appeals from this order.

Shorewood argues that the judgment entered pursuant to section 12—127, which vested title to the condominium unit in Damen, did not give Damen a right to possession superior to Shorewood. Shorewood contends that its right to possession is superior to Damen's because Shorewood's right derives from the declaration of condominium which was filed in the office of the Du Page County recorder of deeds prior to Damen's mortgage interest, and does not derive from the interest of Johnson, the mortgagor. Shorewood maintains that a judgment under section 12—127 only vests title in the mortgagee free and clear of the interests of the mortgagor and those who claim through him. Shorewood claims that because its right to possession does not derive from the mortgagor, it was not foreclosed by the judgment. Because its possession right was unaffected by the judgment entered under section 12—127, Shorewood argues that the trial court erred in placing Damen in possession under section 12—123, since Shorewood's possessory right was superior. In Shorewood's view, its right to possession is a covenant running with the land to which Damen, as Johnson's mortgagee, is subject. Thus, Shorewood concludes that Damen's right to possession under the mortgage is subordinate to Shorewood's right to possession until the default in assessments has been paid through rental of the unit.

Damen contends that it was entitled to possession under section 12—123 by virtue of the judgment under section 12—127. Damen maintains that Shorewood's claim to possession derives from Johnson, the mortgagor, by virtue of Johnson's default in payment for the annual assessments and charges. Damen argues that the judgment under section 12—127 gave Damen title to the condominium unit free and clear of Shorewood's claim to past assessments and charges, because a judgment pursuant to section 12—127 gives the mortgagee title free and clear of anyone "claiming by, through, or under the mortgagor."

Section 12—123 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—123) states:

> "The grantee, in any deed issued to a purchaser pursuant to Section 12—124 or Section 12—125 of this Act, immediately upon the issuance of the deed, and regardless of whether there is any deficiency in the proceeds of sale, or the judgment credi-

tor, his or her executors, administrators or assigns, under any judgment satisfying the mortgage indebtedness entered pursuant to Section 12—127 of this Act, immediately upon the entry of the judgment, shall be entitled to immediate possession of the premies and to all rents, issues and profits thereof thereafter accruing, without any obligation in case of any redemption from a sale held under Section 12—124 or Section 12—125 of this Act, or from a judgment entered pursuant to Section 12—127 of this Act, to account for any of such rents, issues and profits.''

Section 12—127 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—127) provides, in part, as follows:

"In any action to foreclose a mortgage or trust deed in the nature of a mortgage, *the court may enter a judgment satisfying the mortgage indebtedness by vesting absolute title to the mortgaged property in the mortgagee or trustee, free and clear of all claims, liens, and interests of the mortgagor and of all persons claiming by, through or under the mortgagor,* and, except as herein provided, free and clear of all rights to redeem if, after the commencement of the action, the owner of the mortgaged property or his or her attorney of record and the owner of the mortgage indebtedness or his or her attorney of record expressly consent to the entry of such a judgment, which consents shall be in writing and filed with the clerk of the court.'' (Emphasis added.)

Thus, it is clear from the language of section 12—127 that a judgment entered under this section vests title in the mortgagee free and clear of any ''interests of the mortgagor and of all persons claiming by, through or under the mortgagor ***.''

Section 9.2 of the Condominium Property Act (Ill. Rev. Stat., 1982 Supp., ch. 30, par. 309.2), in force at the time this action was brought,[1] allowed a declaration of condominium to provide remedies in the event of any default by a unit owner in the performance of any of his obligations. These obligations include payment of the unit owner's proportionate share of common expenses. Section 9.2 provided that ''[i]f such remedies shall include the right to take possession of such unit owner's interest in the property, the board of managers *** may maintain *** an action for possession in the manner prescribed

---

[1]This section was amended by Public Act 83—645, effective January 1, 1984, and its effect, if any, on the instant case, which was decided below on July 5, 1983, has not been raised by the parties and will not be addressed.

in Part 1 of Article IX of the Code of Civil Procedure \*\*\* [Ill. Rev. Stat. 1981, ch. 110, par. 9—101 *et seq.*]."

Paragraph 13L of the declaration of condominium for the Shorewood condominium obligates each unit owner to make monthly payments in the amount of one-twelfth of the units' annual assessment for common expenses. Among the remedies provided in paragraph 13L for default in these payments is the provision that the board of managers of Shorewood may "take possession of such defaulting Unit Owner's interest in the property and maintain an action for possession of such Unit in the manner provided for by law."

■ In construing a declaration of condominium the court must look to the express language used in the instrument. (See *Streams Sports Club, Ltd. v. Richmond* (1983), 99 Ill. 2d 182, 188, 457 N.E.2d 1226; *La Salle National Bank v. Triumvera Homeowners Association* (1982), 109 Ill. App. 3d 654, 661, 440 N.E.2d 1073.) Here, the declaration expressly provides that Shorewood may take possession of a defaulting "Unit Owner's interest" in the property. The term "Unit Owner's interest" clearly means the interest held by the unit owner. Thus, the declaration expressly provides that Shorewood has the right, upon default in payment of assessments, to take possession of the interest held by the unit owner. Therefore, Shorewood's right to possession here, as expressed in the declaration of condominium, is the right to take possession of the interest Johnson, the unit owner, held in the property. Since Shorewood's right to possession under the terms of the declaration of condominium is the right to possess Johnson's interest, it stands in Johnson's shoes when seeking to exercise this right against others. Thus, Shorewood's claim to possession is "by, through or under the mortgagor," Johnson. Because Shorewood's claim is "by, through, or under the mortgagor," the judgment entered under section 12—127 vested absolute title to the property in Damen, free and clear of Shorewood's claim to possession. Ill. Rev. Stat. 1981, ch. 110, par. 12—127.

Additionally, paragraph 13T of the declaration of condominium provides that any holder of any first mortgage owned by a bank, savings and loan association, insurance company or real estate investment trust who obtains title to a unit pursuant to foreclosure shall not be liable for such unit's unpaid dues prior to acquisition of the title by the mortgagee. To allow Shorewood to obtain possession until the amount owed is paid over the right of Damen to possession under section 12—123 would, in effect, be making Damen liable for the mortgagee's unpaid dues by denying Damen possession, contrary to this provision.

Thus, by the express provisions of the declaration of condominium

Shorewood has provided that a first mortgagee is not liable for unpaid dues and that its own right of possession upon a unit owner's default is the right to possess the "Unit Owner's interest" which, we conclude, is a claim "by, through or under the mortgagor." We need not express any opinion on what effect different language in the declaration of condominium would have had on the mortgagee's right to possess versus that of the condominium association under the pertinent sections of the Code of Civil Procedure and the Condominium Property Act. For these reasons, we conclude that the trial court did not err in placing Damen in possession of the property pursuant to section 12—123 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—123).

■ Shorewood also contends that because the Condominium Property Act (Ill. Rev. Stat. 1981, ch . 30, par. 301 *et seq.*) empowers it to take possession on default through forcible entry and detainer procedures (Ill. Rev. Stat. 1981, ch. 110, par. 9—101 *et seq.*), its right to possession arises apart from, rather than "by, through or under the mortgagor." However, the Condominium Property Act in force at the time this action was brought did not create a right to possession but only allowed the board of managers of a condominium association to use forcible entry and detainer procedures, on default, if a "right to take possession of such unit owner's interest in the property ***" arose from another source. (Ill. Rev. Stat., 1982 Supp., ch. 30, par. 309.2.) Thus, Shorewood's right to possession here is no broader than the right provided in the declaration.

Shorewood also claims that its right to possession is a covenant running with the land. While our supreme court has held that certain assessments provided for in a declaration of condominium are covenants running with the land (*Streams Sports Club, Ltd. v. Richmond* (1983), 99 Ill. 2d 182, 191, 457 N.E.2d 1226), it did not address the particular issue before us. Moreover, whether the declaration created the right to possession as a covenant running with the land is immaterial here, since the language of the declaration as discussed above, even if a covenant running with the land, places Shorewood in the position of claiming "by, through or under" Johnson. Thus, the effect of the judgment under section 12—127 is the same.

For the foregoing reasons the order of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.