CITICORP SAVINGS OF ILLINOIS, Plaintiff-Appellant, v. MUHAMMAD B. BHATTI *et al.*, Defendants-Appellees.

First District (3rd Division) No. 86—1068

Opinion filed July 13, 1988.

Liebling & Hauselman, of Chicago (Martin F. Hauselman and Todd D. Feldman, of counsel), for appellant.

John M. Hillery, of Chicago, for appellee 5100 North Marine Drive Condominium Association.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Citicorp Savings of Illinois (Citicorp), brought this action to foreclose a delinquent mortgage on a condominium unit known as 5100 North Marine Drive, Unit 5—B, Chicago, Illinois (the Unit). Defendant, 5100 North Marine Drive Condominium Association (the Association), filed a counterclaim for various assessments owing to the Association on the Unit, including the sum of $837.69 owed by the mortgagors, Muhammad Bhatti and Anjum Bhatti (the Bhattis) for unpaid special assessments. The trial court entered a judgment of foreclosure and sale of the Unit, and a judgment in favor of the Association and against Citicorp for the sum of $837.69 on the counterclaim. Citicorp appeals from the judgment on the counterclaim. We reverse and remand.

On October 13, 1979, the Bhattis, as mortgagors, executed and delivered to First Federal Savings and Loan Association of Chicago, as mortgagee, a first mortgage, dated October 10, 1979, on the Unit. The mortgage was recorded on November 14, 1979. On October 5, 1984, Citicorp, as successor to First Federal Savings and Loan Asso-

ciation of Chicago, filed a complaint for foreclosure on the mortgage, joining the Bhattis and the Association, among others, as defendants. The Association filed a counterclaim against Citicorp, the Bhattis, and other defendants for various assessments owing to the Association on the Unit, including the sum of $837.69 owed by the Bhattis for an unpaid special assessment. The Association claimed that its lien, recorded on July 27, 1984, was superior to Citicorp's first mortgage to the extent of $837.69.

The trial court entered a judgment of foreclosure and sale of the Unit. However, the judgment expressly excluded a determination of the priorities between Citicorp and the Association as to the $837.69 for the unpaid special assessment. The Unit was then sold to Citicorp at a sheriff's sale. Subsequently, the trial court found that the special assessment lien of the Association in the amount of $837.69 was superior to the lien of Citicorp's prior first mortgage. The trial court then entered a judgment in favor of the Association and against Citicorp for the sum of $837.69.

The parties agree that the Association's claim is to be determined by the language of article VI, section 2(h) of the "Declaration of Condominium By-laws" for the Association (the Declaration). The Declaration provides:

"Any mortgage or trust deed owned or held by a First Mortgagee and recorded prior to the recording or mailing of a notice by the Association of the amount owing by a Unit Owner who has refused or failed to pay his share of the monthly assessment when due shall be superior to the lien of such unpaid Common Expenses set forth in said notice and to all assessments for Common Expenses which become due and are unpaid subsequent to the date of recording of such first mortgage or first trust deed. Any First Mortgagee who comes into possession of a Unit pursuant to the remedies provided in the mortgage or trust deed, foreclosure of the mortgage or trust deed or deed (or assignment) in lieu of foreclosure shall not be liable for, and shall take the Unit and its proportionate interest in the Common Elements free from, claims for unpaid common or special assessments levied by the Association which accrue prior to the date of possession as aforesaid, except for a proportionate share of any special assessment levied against all Units to collect an amount equal to unpaid common and special assessments levied against the Unit prior to the time the First Mortgagee takes possession thereof. The lien of any mortgage or trust deed owned or held by a First Mortgagee shall be su-

perior to the lien set forth in Paragraph 13 of the Declaration."

■ Pursuant to the wording of the Declaration, a first mortgagee would not be liable for claims for prepossession unpaid common or special assessments levied by the Association. However, a first mortgagee would be liable for such claims where a prepossession special assessment was levied against all units to collect an amount equal to unpaid common and special assessments levied against the pertinent Unit prior to the time that the first mortgagee takes possession of the Unit. As an example of when a first mortgagee would be liable, if $8,000 in common assessments and $2,000 in special assessments were unpaid by the Unit owner, and a prepossession special assessment was levied against all units to collect the $10,000 chargeable against the Unit, then the first mortgagee of the Unit would be liable for its proportionate share of the unpaid assessments.

Here, the special assessment was in the sum of $200,000 for work involving the parking deck, roof, and small miscellaneous concrete items. The special assessment plainly was not levied "to collect an amount equal to unpaid common and special assessments levied against the Unit." Thus, Citicorp is not liable for the Association's claim for the Unit's proportionate share of the special assessment.

■ To support its contention that Citicorp is liable for the special assessment, the Association relies upon cases which hold that where two or more constructions may be placed upon a statute, the court should select that construction which leads to a logical result and avoids the absurd. (*Board of Education v. Community High School* (1967), 89 Ill. App. 2d 481, 485, 232 N.E.2d 316, 318; *People v. Miller* (1984), 128 Ill. App. 3d 574, 580, 470 N.E.2d 1222, 1226.) However, in the present case the language of the Declaration is clear and no construction is necessary. This conclusion is supported by the fact that the Association has failed to specifically set forth any possible construction of the pertinent language of the Declaration. Thus, the Declaration means precisely what it states. In determining what a declaration of condominium means, a court must look to the express language used in the instrument. *Damen Savings & Loan Association v. Johnson* (1984), 126 Ill. App. 3d 940, 944, 467 N.E.2d 1139, 1141.

Moreover, the position taken by the Association would hold first mortgagees liable for all prepossession special assessments. This would clearly be contrary to the other provisions of the Declaration. Had the Association intended to hold first mortgagees liable for all prepossession special assessments, the Declaration would have so provided in expressed terms and the contrary provisions would not be included.

Accordingly, we conclude that Citicorp's first mortgage has priority over the Association's special assessment. The trial court judgment is therefore reversed. This case is remanded for entry of the appropriate judgment.

Reversed and remanded.

WHITE, P.J., and McNAMARA, J., concur.