2021 IL App (2d) 200192-U
No. 2-20-0192
Order filed January 19, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TERESA JAGIELLO and KATARZYNA JAGIELLO, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 18-CH-509 |
| BEVERLY GLEN HOMEOWNERS' ASSOCIATION, | ) ) ) | Honorable Bonnie M. Wheaton, |
| Defendant-Appellant. | ) ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We do not have jurisdiction to address the trial court's denial of defendant's motion to dismiss. The trial court did not err in denying defendant's requests for attorney fees and sanctions. However, the trial court should have awarded defendant costs for defendant's prior appeal. Therefore, we affirm as modified.

¶ 2   Defendant, the Beverly Glen Homeowners' Association, appeals from the trial court's denial of its motions to dismiss, for attorney fees and costs, and for sanctions against plaintiffs, Teresa Jagiello and her daughter, Katarzyna Jagiello. We affirm as modified.

¶ 3                                        I. BACKGROUND

¶ 4    Plaintiffs filed a complaint against defendant on April 19, 2018, alleging as follows. In 1999, they became the legal owners of a townhouse in Downers Grove that was part of defendant's association. Plaintiffs lived in the home along with Teresa's husband and son. Defendant was governed by a declaration which stated that the members' right to park in common area parking spaces was appurtenant to and passed with the title to each unit. For the almost 20 years that plaintiffs had occupied their unit, parking in the common areas was not restricted. However, on March 16, 2018, defendant's board decided to limit parking in the common areas to one vehicle per unit, and it informed residents that unauthorized vehicles would be towed. Plaintiffs and their family had four vehicles registered to their address and could not park all of their vehicles overnight on or near their property.

¶ 5 Plaintiffs sought to prohibit defendant from enforcing the parking restrictions via atemporary restraining order in count I, a preliminary injunction in count II, and a permanent injunction in count III. In count IV, plaintiffs sought permanent injunctions preventing defendantfrom removing trees and shrubs without the intent to replant them and without proper notice and voting by members.

¶ 6    On April 23, 2018, defendant filed a motion pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)) to dismiss Katarzyna as a plaintiff on all counts. The motion alleged, among other things, that she lacked standing because she was nota title holder of the unit. Defendant filed a separate motion to dismiss Teresa as a plaintiff on all counts. The motions sought dismissal under both sections 2-615 (735 ILCS 5/2-615 (West 2016)) and 2-619 of the Code (735 ILCS 5/2-619 (West 2016)). See 735 ILCS 5/2-619.1 (West 2016) (allowing combined motions to be filed together as a single pleading).

¶ 7 The following day, the trial court held a hearing on plaintiffs' request for a temporary restraining order, which it denied. The trial court ordered plaintiffs to respond to defendant's motions to dismiss by May 22, 2018, with defendant to reply by June 5, 2018, and a hearing on the motions to take place on June 12, 2018.

¶ 8 Plaintiffs did not file a response to the motions to dismiss by the deadline. On June 1, 2018, defendant filed a motion for sanctions against plaintiffs and their counsel pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Defendant argued, *inter alia*, that Katarzyna lacked standing because she did not have legal title to the unit when she filed suit.

¶ 9 Also on June 1, 2018, plaintiffs filed a motion to voluntarily dismiss the case under section2-1009 of the Code (735 ILCS 5/2-1009 (West 2016)). They additionally filed a motion for an extension of time to respond to defendant's motions to dismiss.

¶ 10 Plaintiffs' motions were noticed for a hearing on June 6, 2018. On that date, the trial court entered and continued them to June 12, 2018, on which date it heard all outstanding motions. Plaintiffs argued as follows at the hearing. They were entitled to dismiss the action at any time before trial by providing notice to defendant, which they did. The initial hearing date of June 6, 2018, was provided by the trial court's secretary. They did not receive defendant's motion for sanctions until after filing and providing notice of their motion for a voluntary dismissal. In the alternative, plaintiffs had filed a request for an extension of time to respond to defendant's motions to dismiss. Plaintiffs stated that they had "already established" that Katarzyna was a title holder "and ha[d] been before the suit was filed," in that they had presented a deed in court.

¶ 11 The trial court stated as follows. Defendant's motions to dismiss were not case dispositive because even if it granted the motions on the section 2-615 grounds, plaintiffs could replead the action. The section 2-619 portion of the motions were premised on the idea that there was an order

entered by another court, but that was not a final judgment because the matter was still pending there. The motion for sanctions was not a dispositive motion because it could not be resolved until there was a decision on the merits, so the motion did not preclude granting a voluntary dismissal. In the trial court's discretion, it was granting "a voluntary dismissal without prejudice upon the payment of costs." Its written order stated that it denied defendant's motions to dismiss and its motions for sanctions as moot. The written order also stated: "Costs are to be paid to Defendant upon re-filing of the suit, if applicable."

¶ 12   On June 29, 2018, defendant filed a motion to assess costs to plaintiffs under section 5-109of the Code (735 ILCS 5/5-109 (West 2016)), arguing that such payment was a condition precedentto a voluntary dismissal. The trial court denied the motion on July 9, 2018. Defendant appealed.

¶ 13 On appeal, we held that the trial court erred in granting plaintiffs a voluntary dismissal absent a payment of costs, and we reversed its ruling and remanded the cause. *Jagiello v. BeverlyGlenn Homeowners' Ass'n*, 2019 IL App (2d) 180541-U, ¶ 22. We further stated that defendant's argument, that the trial court erred in denying its motion for Rule 137 sanctions as moot, was itself moot, but we would address it because it was likely to recur on remand. *Id.* ¶ 24. We stated that contrary to the trial court's reasoning, defendant's motion for sanctions was not moot simply by virtue of the grant of plaintiffs' motion to voluntarily dismiss the case. *Id.* ¶ 27. Finally, we stated that the trial court could also address on remand the issue of whether defendant was entitled to reasonable attorney fees and costs under the declaration. *Id.* ¶ 29.

¶ 14 After we issued our order, on August 7, 2019, defendant again filed a motion to dismiss Katarzyna's claims based on lack of standing. Defendant later sought to dismiss all claims under section 2-619.

¶ 15 On September 27, 2019, plaintiffs filed a renewed motion for a voluntary dismissal. They stated that they would tender payment of defendant's court costs during the hearing on their motion. On October 3, 2019, Katarzyna filed a motion for Rule 137 sanctions against defendant's attorney, arguing that at the time he filed the motion to dismiss her for lack of standing, he was in possession of a quitclaim deed executed and delivered to Katarzyna on April 12, 2018, effectively transferring title of the residence to her.

¶ 16 The trial court held a hearing on all of the motions on November 7, 2019, and ruled as follows. It granted the motion to dismiss as to Katarzyna without prejudice due to lack of standing, because defendant's declaration stated that an owner was a record owner, and Katarzyna did not become a record owner until the day after filing the complaint. For the same reason, it also denied Katarzyna's motion for sanctions. The trial court denied defendant's motion to dismiss as to Teresa because there were questions of fact that would be more appropriate for summary judgment after discovery. It granted plaintiffs' motion for voluntary dismissal because there were no other motions pending. The trial court stated that either party could file a motion for attorney fees or sanctions within 30 days, with the caveat that it could not say whether it would award any.

¶ 17 On November 21, 2019, defendant filed a petition seeking $18,785 in attorney fees and $772.75 in costs. A hearing on the petition took place on March 5, 2020, and the trial court found as follows. The declaration's provisions regarding attorney fees dealt with enforcement of covenants against an owner or another person, but not with the defense of a lawsuit brought by another party. Defendant was also not entitled to attorney fees for the appeal because it was the appellant. Therefore, the "American Rule" applied, and each party was responsible for their own attorney fees. In conformity with the appellate court decision, plaintiffs had already tendered payment for defendant's filing fees in open court. It was denying the Rule 137 motion for sanctions

because "under the circumstances, [it] would be hard-pressed to find that [the lawsuit] was filed in bad faith or that there was no reasonable basis to file the case." Even if the trial court were wrong and defendant was entitled to attorney fees, the attorney fees requested were not reasonable.

¶ 18 The trial court continued:

"This case represents one of the most hotly contested cases over what amounts to nothing that I have had in my 32 years on the bench. And I have never had a case in which the attorneys have displayed so much personal animus towards one another and have behaved in this Court in a manner that has been extremely unprofessional.

In this courtroom, if not in all the rest of the courtrooms, the Court expects the parties to act in a professional manner with, at least, respect for one another. And that has been totally lacking in this case.

I find that the attorney's fees that were incurred after the filing of the motion to dismiss were unreasonable, unnecessary and of no benefit to the Court or to any party."

The trial court's written order stated that "even if the [defendant] were entitled to attorney fees and costs under the Declaration, the attorney fees and costs petitioned for after the filing of Plaintiffs' motion for voluntary nonsuit [were] unreasonable, unnecessary, and of no benefit to the parties or this Court."

¶ 19 Defendant timely appealed.

¶ 20                                II. ANALYSIS

¶ 21 We initially note that plaintiffs have not filed an appellee's brief. However, as the record and issues are simple enough that we can address the claimed errors raised on appeal, we proceed to do so under the guidelines set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 22 Turning to the merits, defendant first argues that the trial court erred in denying its section2-619 motion to dismiss. Defendant does not discuss our jurisdiction to review this ruling, other than generally citing Illinois Supreme Court Rule 303(a) (eff. July 1, 2017), but we have an independent duty to consider our jurisdiction (*In re Marriage of Brunke*, 2019 IL App (2d) 190201, ¶ 22). Defendant appealed after the trial court granted plaintiffs' motion for a voluntary dismissal. An order granting a voluntary dismissal is final and appealable by the defendant, or by a plaintiff who seeks to challenge the costs assessed for the dismissal. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 536 (1999). Still, a voluntary dismissal that disposes of all remaining claims makes appealable only those prior orders that were final in nature. *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 35. A judgment is final if it "terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. A denial of a motion to dismiss is not final in nature, such that a voluntary dismissal does not make appealable a preceding denial of a defendant's motion to dismiss the plaintiff's complaint. *Bauman*, 2018 IL App (4th) 170169, ¶ 35; *Saddle Signs, Inc. v. Adrian*, 272 Ill. Ap. 3d 132, 140 (1995). Accordingly, we lack jurisdiction to review the trial court's denial of defendant's section 2-619 motion to dismiss.

¶ 23 Defendants next argue that the trial court erred in denying their motion for attorney fees and costs. Defendant argues that it is entitled to these expenses under its declaration, and that it isalso statutorily entitled to costs.

¶ 24 Regarding the declaration, defendant cites article IX, section 3, which states:

"Section 3. Enforcement. The Association, or any Owner, shall have the right to enforce these covenants and restrictions by any proceeding at law or in equity, against any

person or persons violating or attempting to violate any covenant or restriction, to restrain

violation, to require specific performance and/or to recover damages; and against the land

to enforce any lien created by these covenants; and failure by the Association or any Owner

to enforce by covenant or restriction herein contain shall in no event be deemed a waiver

of the right to do so thereafter. The expense of enforcement by the Association shall be

chargeable to the Owner of the Lot violating these covenants and restrictions and shall

constitute a lien on the Lot, collectible in the same manner as assessment hereunder."

¶ 25 Defendant argues that plaintiffs' claims had no merit because defendant had express authority under the declaration and the "1986 Amendment" to adopt and enforce reasonable parking rules, and to maintain general common area landscaping which necessarily meant removing trees and shrubs without replanting. Defendant argues that this case further presents special circumstances in that plaintiffs filed this suit and a prior suit knowing that Katarzyna was a nonmember and had no rights under the declaration. Defendant argues that plaintiffs' argumentbelow, that defendant did not "enforce" the declaration, and could therefore not recover litigationexpenses, is meritless, as enforcement can be either filing or defending a suit. Defendant argues that accepting plaintiffs' argument would exalt form over function and reward a litigious and recalcitrant homeowner for winning the race to the courthouse.

¶ 26 Defendant further cites *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 42, where the court stated that it saw "no reason why the remaining unit owners should bear the cost of defending a counterclaim raised in an action brought against a unit owner that purportedly is not meeting its obligation imposed by the Declaration." Defendant asserts that plaintiffs violated the declaration when they sought to enforce rights that were clearly contrary to the declaration. Defendant argues that the purpose of the fee shifting provision is to ensure that

other homeowners would not have to bear the financial burden of the numerous lawsuits filed by homeowners like plaintiffs.

¶ 27 The construction of a condominium declaration is a question of law that we review *de novo*. See *Carl Sandburg Village Condominium Ass'n No. 1 v. Carl Sandburg VillageCondominium Homeowners' Ass'n*, 175 Ill. App. 3d 1, 5 (1987). The declaration states that defendant has the right to "enforce these covenants and restrictions *** against any person or persons violating or attempting to violate any covenant or restriction to restrain violation, to requirespecific performance and/or to recover damages" and that the "expense of enforcement by" defendant is chargeable to the owner. "The word 'enforce' is defined as 'to give force to' or to 'putin force: cause to take effect: give effect to.' " *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 363 (2009) (quoting Webster's Third New International Dictionary 751 (2002)). It is also defined as" '[t]o give force or effect to (a law, etc.); to compel obedience.' " *Id.* (quoting Black's Law Dictionary 569 (8th ed. 2004)). We agree with the trial court that in this situation, defendant was not trying to give effect to or compel obedience by plaintiffs to its covenants and restrictions. Rather, defendant was defending against plaintiffs' assertions that defendant was violating the declaration through its new parking rules and by not replanting trees and shrubs. This is not a situation akin to a race to the courthouse, because defendant was not asserting a cause of action against plaintiffs, as aptly demonstrated by the fact that it filed no counterclaims in the suit. The instant case is therefore readily distinguishable from *North Spaulding Condominium Ass'n*, in which the association did bring suit against the owner. Accordingly, defendant is not entitled to fees and costs under the declaration. Based on this resolution, we do not address defendant's argument that the trial court abused its discretion in finding that the attorney fees were unreasonable.

¶ 28 Defendant argues that it is statutorily entitled to costs. It cites section 5-109 of the Code of Civil Procedure (735 ILCS 5/5-109 (West 2018)), which states:

"If any person sues in any court of this state, in any action, wherein the plaintiff may have costs in case judgment is entered in favor of the plaintiff and the action is voluntarily dismissed by the plaintiff or is dismissed for want of prosecution or judgment is entered against the plaintiff, *then judgment shall be entered in favor of defendant to recover defendant's costs against the plaintiff* (except against executors or administrators prosecuting in the right of their testator or intestate), to be taxed, and the costs shall be recovered of the plaintiff, by like process as the plaintiff may have had against the defendant, in case judgment had been entered for such plaintiff." (Emphasis added.)

Defendant argues that it prevailed in the prior appeal and therefore was entitled to recover its costs incurred in the trial court and in the first appeal. According to defendant, the trial court denied all costs. Defendant argues that if it prevails in this appeal, it should be entitled to recover additional costs.

¶ 29 The construction of a statute presents a question of law, which we review *de novo*. *Policemen's Benevolent Labor Committee v. City of Sparta*, 2020 IL 125508. Statutes allowing the recovery of costs are in derogation of the common law and must be strictly construed. *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 300 (2003). "Costs" as used in statutes that do not otherwise define the term means charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees, as opposed to litigation fees, such as the expenses of litigation, prosecution, or other legal transaction. See *id.* at 301-02. In the prior appeal, we held that the trial court erred in granting plaintiffs a voluntary dismissal absent a payment of costs. *Jagiello v. Beverly Glenn Homeowners' Ass'n*, 2019 IL App (2d) 180541-U, ¶ 22. On remand, the trial court

stated that, per our ruling, plaintiffs had tendered payment for defendant's filing fees in open court. Defendant does not explain what additional costs in the trial court it believes it was entitled to, thereby forfeiting the argument for review. See Ill. C. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued are forfeited).

¶ 30 Defendant also cites section 5-120 of the Code of Civil Procedure (735 ILCS 5/5-120 (West 2018)) which states, "If any person takes an appeal to review the judgment of any other court, *** and if the judgment is reversed, the appellant shall recover costs, which may be collected in the same manner as judgments for the payment of money are enforced." Defendant argues that it is entitled to appellate costs from the prior appeal under this statute.

¶ 31 Here, the trial court stated that "the attorney fees and costs petitioned for after the filing of Plaintiffs' motion for voluntary nonsuit [were] unreasonable, unnecessary, and of no benefit to the parties or this Court." However, section 5-120 states that the "appellant *shall* recover costs" "if the judgment is reversed." (Emphasis added.) A statute's use of the word "shall" generally indicates that the legislature intended to impose a mandatory obligation. *Norman v. U.S. Bank National Ass'n, as Trustee for Structured Asset Mortgage Investments II, Inc.*, 2020 IL App (1st) 190765, ¶ 30. Accordingly, the trial court lacked the discretion to deny defendant's request for appellate court fees. Defendant's motion for attorney fees and costs requested $568.75 for appellate court costs. However, $168 of this amount was for appellate court brief copies and binding, which are not expenses that are taxed by the court, and therefore do not qualify as "costs." See *Vicencio*, 204 Ill. 2d at 301-02. Accordingly, we modify the trial court's judgment to award defendant $400.75 in costs from the previous appeal. Defendant is not entitled to costs for the current appeal because we are not reversing a trial court judgment, and defendant has been unsuccessful in its main arguments.

¶ 32 Last, defendant argues that the trial court erred in deciding the merits of its motion for sanctions. The trial court stated that it was denying the motion because it found "no bad faith or lack of reasonable basis for filing of the Complaint on the part of the Plaintiffs." Defendant argues that the trial court should not have ruled on the motion because defendant did not re-present or brief the motion on remand.

¶ 33    We conclude that this issue is moot. An issue is moot where no actual controversy exists or where events occur making it impossible for the court to grant effectual relief. *Joiner v. SVM Management, LLC*, 2020 IL 124671, ¶ 24. It appears that even if defendant were correct, vacating the trial court's ruling on the motion for sanctions would have no practical effect given that the case has been voluntarily dismissed. To the extent that defendant believes otherwise, it has forfeited its argument by failing to present such an argument. See Ill. C. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 34                                   III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the Du Page County circuit court with the modification that defendant is entitled to $400.75 for costs of its prior appeal.

¶ 36 Affirmed as modified.