## F. S. MURPHY

### v.

## MATTHIAS LOOS.

*Costs—Taxation of—Mandate of Supreme Court—Construction—Discretion—Personal Reflections in Argument upon Party to Suit.*

Where the Supreme Court reverses a decree of the Circuit Court, and the judgment of this court, affirming the same, and remands the case with instructions as to the decree to be entered, but the mandate is silent as to costs, it will be presumed that the Supreme Court intended the chancellor to exercise his discretion therein.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Knox County; the Hon. S. S. PAGE, Judge, presiding.

Mr. F. S. MURPHY, *pro se.*

Mr. A. M. BROWN, for appellee.

The costs are in the discretion of the court. Field v. Openstein, 93 Ill. 68; Morrison v. Morrison, 11 Ill. App. 605.

And the discretion ordinarily will not be interfered with or reviewed. Askew v. Springer, 111 Ill. 662; Moore v. The People, 108 Ill. 484; Howe v. Hutchinson, 105 Ill. 501.

C. B. SMITH, J. This is an appeal from the Circuit Court of Knox County, calling in question a decree of that court upon the single question of the taxation of costs.

This suit has been pending in the various courts for a number of years. It was first tried in the Circuit Court, and appealed from there by appellant to the Appellate Court of the Second District, and the decree of the Circuit Court there affirmed, and was again appealed from there to the Supreme Court by appellant, where the judgments of the Circuit and Appellate Courts were reversed, and a modified decree directed to be entered by the Circuit Court. The case is reported in Murphy v. Loos, 104 Ill. 514, where a full statement of the facts will be found, which are not important to be recited here in order to a correct understanding of this controversy. It appears the original decree of the Circuit Court, among other things, requires Murphy to pay all the costs.

The Supreme Court, in its opinion in deciding the case on appeal, among other things, used this language: " The decree of the Circuit Court is, in our judgment, right in all respects except in the amount of money Murphy is required to pay Loos, and except as to costs."

The court then directs what the decree below shall be in respect to what Murphy shall be required to pay Loos, but gives the court no direction as to whom it shall tax the costs, nor makes any further reference to the taxation of costs, except as above stated in the opinion.

The case was remanded to the Circuit Court and then again heard, and a decree rendered according to the directions of the Supreme Court ( or if not, no objections are made), except as it related to the taxation of costs, and in that respect appellant contends that the decree is not in compliance with the directions of the Supreme Court. The Circuit Court again taxed all the costs except about $4.50 to appellant, which aggregate about $125. Appellant complains of this part of the decree and brings the case here and insists on a reversal.

It will be observed that the Supreme Court makes no direct order, nor gives the Circuit Court any directions concerning the costs on a rehearing. At most that court expressed a dissatisfaction with the first decree upon that point. In its opinion, it directs the Circuit Court as to the nature of its future decree in respect to everything except the costs, which

Murphy v. Loos.

is left open. We must assume that if the Supreme Court had intended that the Circuit Court should relieve Murphy from the costs it would have said so, and that by its refusal or failure to make any direct order in that regard it intended to leave the Circuit Court free to exercise its discretion in that respect in conformity with the usual practice of courts of equity.

It is the well settled and uniform practice of the courts of this State to tax costs in all chancery cases according to their discretion and as justice and good conscience seem to require in each particular case, and this discretion will rarely be disturbed unless the court can see that the chancellor has abused his discretion, or has manifestly erred in its exercise, resulting in hardship or oppression to the party complaining. We are, therefore, of opinion that in the absence of a direct order from the Supreme Court, or what would be equivalent to such order to the Circuit Court, as to what disposition it should make concerning the costs, that the Supreme Court thereby intended the Circuit Court to exercise its discretion upon that question. This view is much strengthened from the fact that the court gave specific directions as to all other parts of the decree. While we admit the question involved is not entirely free from doubt, yet we do not feel justified in reversing the decree without being fully satisfied that the decree is erroneous.

We would have been much better satisfied with the arguments of counsel for appellee, had all personal reflections and charges against appellant been omitted. They had no necessary place in the argument and could give no assistance in the decision of the question before us, which was simply to construe the order of the Supreme Court.

Personal assaults never add anything to the dignity, character or weight of an argument, nor add favor or weight to the cause of him that used them without necessity.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*