## Henry Brueggemann v. Anthony W. Young.

1. ELECTION CONTEST—*when appeal does not involve.* An elec-
tion contest, within the meaning of the statute pertaining to ap-
peals, is not involved where the sole question sought to be reviewed
pertains to the matter of the taxation of costs.

2. ELECTION CONTEST—*costs may be taxed in.* By virtue of sec-
tion 18 of the "Costs" Act, costs may be allowed and taxed in cases
involving the contest of elections.

3. FINAL ORDER—*what is, for purposes of appeal.* An order deny-
ing a motion to tax costs is final and appealable.

4. COSTS—*court has jurisdiction as to, notwithstanding its lack
of jurisdiction upon the merits.* Notwithstanding it has been de-

termined that a court is without jurisdiction to hear and determine the merits of a cause, it has jurisdiction to rule upon the matter of the taxation of costs.

5. COSTS—*what may be allowed by way of.* Nothing can be allowed as costs, either by a clerk or by a court, but those items which are directed by statute to be allowed.

6. COSTS—*effect of silence in mandate of reversal with respect to.* Where the mandate reversing and remanding a cause is silent as to the costs in the trial court, it is presumed that the appellate tribunal intends that the trial court shall exercise its discretion to award or to deny costs.

7. TAXATION OF COSTS—*when will not be disturbed.* The action of the court with respect to the taxation of costs will not, in the absence of abuse of discretion, be reversed by an appellate tribunal.

Election contest. Appeal from the City Court of Alton; the Hon. J. B. VAUGHN, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

BURTON & WHEELER and LEVI DAVIS, for appellant.

ALEXANDER W. HOPE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The controversy involved in this appeal grows out of an election contest instituted in the City Court of Alton, by appellee against appellant. From the decision of the City Court appellant appealed to the Supreme Court, where the proceedings of the City Court were reviewed and it was held that the City Court did not have jurisdiction of the subject-matter, and the judgment of the City Court was "reversed and the cause remanded to that court, with directions to dismiss the petition." And the Supreme Court rendered judgment there against appellee and in favor of appellant for the costs of the appeal. The judgment and order of the Supreme Court is silent as to the costs that had accrued or might accrue in the City Court. The mandate of the Supreme Court goes no further than to direct the City Court to dismiss the petition.

On the 17th day of May, 1905, the remanding order was filed in the City Court, the original case redocketed, and appellant moved the court to dismiss the petition, at the cost of appellee; whereupon the court entered an order dismissing the petition, and took the question as to costs under advisement. And on the 9th day of June, 1905, the court denied appellant's motion to tax the costs against appellee. Appellant excepted, and prosecuted his appeal to this court from the order of the City Court denying his motion to tax the costs against appellee.

Appellee moved this court to dismiss the appeal, and his motion was taken with the case. The principal grounds suggested in support of the motion are, that the statute does not provide for appeal to the Appellate Court in election contest cases; that the statute confers exclusive jurisdiction upon the Supreme Court in such cases.

The matter in controversy upon this appeal does not involve an election contest, and no judgment that could be rendered upon the issues here presented could have any bearing upon the validity of the election contested in the original proceedings.

It is further suggested that no final judgment or decree was entered in the case. We think the order denying appellant's motion to tax the costs against appellee was a final order, and the statute provides for an appeal from all "final orders."

A number of other suggestions are made in support of the motion to dismiss the appeal, but we do not deem any of them of sufficient importance to demand discussion, except the fifth, which is: "Because there is no statute giving costs in election contests in City Courts." As to this objection, we are of opinion that notwithstanding the City Court had no jurisdiction to hear and determine the case, it did have power to dismiss it, and as incident thereto had power to make any proper order as to the costs that had accrued in that court. Bangs v. Brown, 110 Ill. 96; Le Moyne v. Hard-

ing, 132 Ill. 78. Appellee's motion to dismiss the appeal is overruled.

The question now is, does this record disclose that the City Court erred in denying appellant's motion to tax the costs of the original contest proceedings in that court against appellee. In this connection it must be borne in mind that "costs were not given at common law and are only taxable or recoverable when awarded by statute." Fish v. Farwell, 33 Ill. App. 242. "Statutes imposing costs are to be construed strictly, since they are penal in their character and are regarded as creating liabilities which did not exist at common law." Gehrke v. Gehrke, 190 Ill. 166. Nothing can be allowed as costs, either by a clerk or by the court, but items directed by the statute to be allowed. Roby v. Chicago Title and Trust Co., 194 Ill. 228; Wilson v. Clayburgh, 215 Ill. 506.

The statute providing for election contests makes no provision for costs. The power to tax costs in such cases must be in chapter 33, the Costs Act, and no special provision is made for them in that act. Such cases are in no sense proceedings at law, and therefore power to tax costs in them cannot rest in provisions applicable to "cases at law." While they are not in the full sense of that term proceedings in chancery, still, the statute creating the proceeding provides that "the case shall be tried in like manner as cases in chancery." We have a long line of cases holding that they are in the nature of chancery proceedings and that the rules of chancery practice apply. Inasmuch as our Supreme Court has held in Cavanaugh v. Mc-Conochie, 134 Ill. 516, that the costs may be taxed in such cases, we conclude that power must rest in section 18, the section applicable to chancery cases. And this is in harmony with the holding of that court in cases of "will contest," a class of cases analogous to "election contest" cases. Shaw v. Camp, 56 Ill. App. 23.

The statute that authorizes the taxing of costs in

chancery cases is as follows: ''Upon the complainant dismissing his bill in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs; and in all other cases in chancery, not otherwise directed by law, it shall be in discretion of the court to award the costs or not.'' In the case at bar appellee did not dismiss his petition, nor did appellant dismiss the same for want of prosecution, and this is not a case where it is ''otherwise directed by law.'' Where the Supreme Court reverses a decree of the trial court and remands the case with directions as to the decree to be entered, and the mandate is silent as to the costs in the trial court, then it must be presumed that the Supreme Court intended that the trial court should exercise its discretion ''to award costs or not.'' Murphy v. Loos, 32 Ill. App. 595. And in Askew v. Springer, 111 Ill. 662 (667), it is said: ''As to the question of costs, we again, as we have many times before, commencing many years since, only refer to the 18th section of the Costs Act. It provides that on the dismissal of the bill (by the complainant for want of prosecution), the defendant shall recover costs, but in all other cases in chancery not otherwise directed by law, it shall be in the discretion of the court to award costs or not. This, as we have many times said, is purely in the discretion of the court, over which we have no control.''

While the rule as now applied is doubtless not as sweeping as it was held in that case to be, there can be no doubt of its going to the extent of exempting the exercise of such discretion from being disturbed, except where it clearly appears that it has been abused, and in this case it does not so appear. The record before us discloses nothing of the original case, or at most so little, that in view of all that may have transpired during the progress of the case in the trial court, we are not able to say the action of that court, with respect to the taxing of costs, was an abuse of its discretion. The presumption must be that it was not.

The judgment order of the City Court of Alton, denying appellant's motion to tax the costs against appellee, is affirmed.

*Affirmed.*