(No. 12001.—Judgment affirmed.)

JOHN C. PATTERSON, Appellee, *vs.* THE NORTHERN TRUST COMPANY *et al.* Appellants.

*Opinion filed February 20, 1919.*

1. COURTS—*court may stop vexatious litigation by summarily dismissing bill.* A court has inherent power to protect itself and litigants against harassing and vexatious litigation and an abuse of process of the court, and where a complainant, in violation of an injunction of the court and in contempt of its authority, attempts to re-litigate matters finally and conclusively determined, the court may adopt the summary remedy of dismissing the suit.

2. TRUSTS—*trustee has equitable lien on trust estate for proper expenses.* A trustee not at fault is entitled to be reimbursed for all his expenses properly incurred in the administration of his trust and has an equitable lien on the trust estate for the same.

3. SAME—*trustee's expenses and solicitor's fees in defending groundless suit should be paid out of share of beneficiary bringing the suit.* Where a beneficiary brings a groundless suit against his trustee, the solicitor's fees and expenses of the trustee in defending the suit should be charged against the share of the complainant in the trust estate and not against the estate generally nor against a general fund, by which the co-beneficiaries would have to contribute.

4. SAME—*right of one beneficiary to expenses for defending a groundless suit by another beneficiary.* Where a beneficiary brings a groundless suit against his trustee and another beneficiary, the defendant beneficiary, as well as the trustee, is entitled to have his solicitor's fees and expenses in defending the suit charged against the share of the beneficiary bringing the suit.

5. COSTS—*costs cannot be recovered except by statutory provision.* A party claiming a judgment for his costs against his adversary must bring himself within the operation of some statutory provision, as courts have no power to adjudge costs against anyone on merely equitable grounds.

6. SAME—*solicitor's fees cannot be recovered as costs unless authorized by statute.* Solicitor's fees cannot be recovered as costs in the absence of statutory authority, and while a trustee and a beneficiary are entitled to have their solicitor's fees in defending a frivolous and groundless suit brought against them by another beneficiary charged against his share in the trust estate, they are not entitled to recover them in the form of a judgment for costs. (*Waterman* v. *Alden,* 144 Ill. 90, explained.)

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JUDAH, WILLARD, WOLF & REICHMANN, for appellant the Northern Trust Company.

OLIVER & MECARTNEY, for appellant Edward A. Shedd.

JOHN C. PATTERSON, *pro se.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John C. Patterson is the owner of a life estate in a one-twelfth interest in real estate at the northwest corner of State and Washington streets, in the city of Chicago, improved with a twelve-story building known as the Stewart building and held in trust for the beneficiaries by the Northern Trust Company. On June 8, 1915, Patterson filed his bill of complaint in the superior court of Cook county against the trustee, Edward A. Shedd, a beneficiary, and others, asking the court to set aside a former decree and to require the trustee to account. The trustee and Shedd filed separate motions to strike the bill of complaint from the files and dismiss the suit on the ground that the suit was frivolous and vexatious and in violation of an injunction and a clear and palpable abuse of the process of the court. The trustee and Shedd also filed separate motions that the court ascertain and fix the amount of solicitor's fees necessarily incurred by them in defense of the suit and to tax the same as a part of the costs and enter judgment against Patterson for them. The court sustained the motion to strike the bill from the files and dismiss the suit but denied the motions to fix and allow solicitor's fees and tax the same as costs against Patterson and entered a decree accordingly. From that decree Patterson prosecuted

an appeal to the Appellate Court for the First District and assigned for error the striking of his bill from the files and dismissing his suit. The trustee and Shedd each assigned cross-errors on the denial of their motions to fix and allow their solicitor's fees. The Appellate Court affirmed the decree of the superior court and granted a certificate of importance to the trustee and Shedd and appeals from that part of the judgment affirming the denial of their motions. The appeals were perfected and have been consolidated. Patterson has assigned cross-errors so far as the judgment affirmed the decree dismissing his bill.

Any question concerning costs being dependent upon the correctness of the decree dismissing the bill, the cross-errors are first to be considered.

On March 15, 1904, John C. Patterson commenced the litigation concerning the subject matter of this suit by filing his bill against the Northern Trust Company, as trustee, and others. After a hearing the bill was dismissed for want of equity, and the decree having been affirmed by the Appellate Court for the First District, a petition for a writ of *certiorari* was denied by this court. Since the filing of the first bill Patterson has kept up a continual litigation with the trustee and his co-beneficiaries about the same matters. As soon as one suit was decided against him he brought another, and in March, 1910, commenced his fifth suit, and the trustee filed its cross-bill to enjoin the prosecution of any more such suits and secured an injunction on February 26, 1912, enjoining Patterson from commencing any more suits of the same kind. Some of the cases reached this court. (*Patterson* v. *Northern Trust Co.* 230 Ill. 334; *Patterson* v. *Northern Trust Co.* 231 id. 22; *Johnson* v. *Northern Trust Co.* 265 id. 263.) In the case of *Johnson* v. *Northern Trust Co.* the Appellate Court directed a decree, and the judgment having been affirmed by this court the decree was entered. The bill filed in this case is a nondescript, bearing no resemblance, either in form

or substance, except in calling for an account, to any known bill for equitable relief, but asks to have the decree entered as directed by the Appellate Court set aside, and for that purpose makes general charges of fraud and conspiracy on the part of the trustee and Shedd and their counsel. A court has inherent power to protect itself and litigants against harassing and vexatious litigation and an abuse of process of the court. By his bill Patterson attempted to ˙re-litigate matters finally and conclusively determined and in violation of an injunction of the court and contempt of its authority. In such a case courts have power to protect themselves by the summary remedy of dismissing the suit. (*Edmunds* y. *Attorney General,* 47 L. J. 345; *Barrett* .v. *Day,* 43 Ch. Div. 435; *Barstall* v. *Beyfus,* 26 id. 35; *Metropolitan Bank* v. *Pooley,* 10 App. Cas. 210; *Stewart* v. *Butler,* 59 N. Y. Supp. 573; *Berks County* v. *Jones,* 21 Pa. St. 416; 20 Ency. of Pl. & Pr. 45.) The court did not err in dismissing the bill.

It is a rule universally recognized that a trustee not at fault is entitled to be reimbursed for all his expenses properly incurred in the administration of his trust and has an equitable lien on the trust estate for the same. (Perry on Trusts, 894; Lewin on Trusts,—12th ed.—1267; 39 Cyc. 339; 28 Am. & Eng. Ency. of Law, 1030; *King* v. *Cushman,* 41 Ill. 31.; *Stewart* v. *Fellows,* 128 id. 480; *Waterman* v. *Alden,* 144 id. 90; 15 Corpus Juris, 105.) Where a beneficiary brings a suit against his trustee which is groundless, the solicitor's fees and expenses of the trustee in defending the charge are to be paid out of the share of the complainant in the trust estate and not charged against the estate generally nor a general fund by which co-beneficiaries would have to contribute. The suit by Patterson was frivolous, oppressive and a wrongful attempt to re-litigate matters already decided, and the rule that his share of the trust estate should pay the expenses applies with all its force.

The right and duty of the court to allow to the trustee out of Patterson's share of the trust estate all legitimate expenses in defending against his charges, including solicitor's fees, cannot be doubted, and we see no reason why a court of equity may not likewise protect a beneficiary from such an assault as was made in this case by charging solicitor's fees against Patterson's share, and the only strife here is whether the court should have taxed the solicitor's fees as costs and rendered judgment against Patterson for them.

At common law costs were never recoverable, and they can be recovered only in cases where there is statutory authority therefor. Any party claiming a judgment for his costs against his adversary must bring himself within the operation of some statutory provision, and courts have no power to adjudge costs against anyone on merely equitable grounds. It was not until a statute in England authorized a recovery for costs that they were recovered in a suit against an unsuccessful litigant. (7 R. C. L. 781; 15 Corpus Juris, 20.) That has been the law in this State from the earliest time. (*Adams* v. *Payson,* 11 Ill. 26; *Constant* v. *Matteson,* 22 id. 546; *Conwell* v. *McCowan,* 53 id. 363; *Chase* v. *DeWolf,* 69 id. 47; *Smith* v. *McLaughlin,* 77 id. 596; *Byers* v. *First Nat. Bank,* 85 id. 423; *Hutchinson* v. *Hutchinson,* 152 id. 347; *Dixon* v. *People,* 168 id. 179; *Rieker* v. *City of Danville,* 204 id. 191; *Wilson* v. *Clayburgh,* 215 id. 506; *Metropolitan Life Ins. Co.* v. *Kinsley,* 269 id. 529; *Goudy* v. *Mayberry,* 272 id. 54.) There are statutes authorizing the taxation of solicitor's fees as costs in partition cases and in some other suits, but prior to the act of 1868 it was held that they could not be so taxed in partition suits. (*Wilhite* v. *Pearce,* 47 Ill. 413; *Eimer* v. *Eimer,* id. 373.) An attorney's fee cannot be charged in the bill of costs in the absence of statutory authority. (7 R. C. L. 792.) The decision in the case of *Waterman* v. *Alden, supra,* is in perfect harmony with

the rule and all former decisions and seems to have been strangely misunderstood. In that case the expenses of the trustees in the litigation up to the master's report were $3869.71 and the attorney's fees incurred afterward were $1348.27. The trustees had been negligent in failing to keep proper accounts, and the court required them to personally pay $988.62 for that reason and authorized them to charge to the principal fund the balance of the expenses. The amount allowed the trustees was charged against the trust estate and was not taxed as costs against anyone. The settled rule was followed that the court might charge proper expenses and solicitor's fees against a trust estate being administered by the court. Solicitor's fees are allowed where necessary for executors to apply to a court for a construction of an ambiguous will, but the charge is against the estate and not against some heir or legatee as a personal judgment. In *Metropolitan Life Ins. Co.* v. *Kinsley, supra,* the court recognized the existence of a different rule in some other jurisdictions, but this court has never agreed to a different rule in courts of equity from the rule at law, and Blackstone regarded the authority to give costs in equity as created by the statute 17 Rich. II, chap. 6. (3 Blackstone's Com. 451.) The bill here asked for an accounting, but it was dismissed and no accounting was had or asked for by the trustee or Shedd and each motion was to tax solicitor's fees as costs against Patterson.

It is very earnestly insisted that the court should establish a new rule and tax costs in a case like this against the unsuccessful party because it would have a beneficial effect in checking pestiferous litigants like Patterson from offending in like manner. There is an estate and fund in which Patterson has an interest as a beneficiary, and in the settlement of accounts the court may protect the fund and trustee and all the beneficiaries in the administration and distribution of the fund. If solicitor's fees are charged against Patterson's share of the trust estate or fund, that

method will perhaps be as effective in checking his pernicious activity as a judgment against him. At any rate, the question in what cases costs can be recovered is legislative, and if it is believed that solicitor's fees should be included in the costs in any class of cases, the representation to that effect should be made to the General Assembly and not to the court.

The judgment is affirmed. *Judgment affirmed.*