(No. 93687.

NICOLAS VICENCIO, Appellee, v. LINCOLN-WAY BUILDERS, INC., *et al.* (Lincoln-Way Builders, Inc., Appellant).

*Opinion filed April 17, 2003.*

RARICK, J., joined by KILBRIDE, J., concurring in part and dissenting in part.

Lloyd E. Dyer, Jr., of Mountcastle, Kelly & Dyer, P.C., of Wheaton, for appellant.

Katherine A. Cardenas, of Lucas & Cardenas, of Chicago, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiff, Nicolas Vicencio, prevailed in the underlying personal injury action against defendant, Lincoln-Way Builders, Inc., and was awarded damages by the circuit court of Will County in excess of $100,000. He thereafter successfully sought reimbursement of costs totaling $5,341.80, pursuant to section 5—108 of the Code of Civil Procedure (Code) (735 ILCS 5/5—108 (West 2000)), and Supreme Court Rule 208 (134 Ill. 2d R. 208). Defendant appealed (155 Ill. 2d R. 304(a)), and the appellate court affirmed in part and reversed in part (328 Ill. App. 3d 439). We granted defendant's petition for leave to appeal to resolve a split among the appellate districts on the question of whether a trial court may assess as costs the fee charged by a plaintiff's treating physician for his participation in an evidence deposition that was presented to the jury.

## BACKGROUND

Defendant agreed that it was responsible for $283.80 of plaintiff's costs, including the filing fee, the service of summons fee, and trial subpoena fees paid to two of plaintiff's witnesses, but disputed the suggestion that it was obligated to pay the trial subpoena fee of a third witness, who failed to appear at trial and whose evidence deposition was subsequently read to the jury. In addition,

defendant denied that plaintiff was entitled to recover any costs associated with the videotaping of the evidence deposition of plaintiff's treating physician, Dr. Preston. Wolin. The expenses included Dr. Wolin's fee and the fee charged by the videographer. Defendant also argued that the extra costs associated with the production of an expedited transcript of Dr. Wolin's deposition should not be imposed on it, because plaintiff's failure to take the evidence deposition in a timely manner necessitated the excess costs. Other challenged expenses included the fee paid to the technician who operated the video equipment at trial and the individual who interpreted for plaintiff during his testimony at trial. After a hearing on the matter, the trial court entered the following written order: "In the exercise of its discretion and having found that the contested costs were necessary and integral to the presentation of the plaintiff's case to the jury[, i]t is ordered that the costs awarded to plaintiff in this cause are $5,381.80[,] which is the total of the uncontested costs of [$]283.00 and the contested costs of [$]5,058.80."

The appellate court found that the trial court had not abused its discretion by taxing as costs the fee charged by Dr. Wolin. 328 Ill. App. 3d at 443. According to the appellate court, this expense was "necessarily incurred by plaintiff in asserting his rights in court," as opposed to an "ordinary expense[ ] of ligitation," and was therefore properly taxed as a cost. 328 Ill. App. 3d at 442. The appellate court also affirmed the trial court's awarding as costs the fees of the court reporter and videographer because "the deposition itself was 'necessarily used at trial.' " 328 Ill. App. 3d at 443. As to the interpreter's fee and the subpoena fee paid to the plaintiff's witness who failed to appear, the appellate court reversed, finding these items unauthorized by any rule or statute. 328 Ill. App. 3d at 444.

## ANALYSIS

As appellant, defendant formulates the question for

this court as whether a trial court may assess as costs "the fee charged by an expert witness for his testimony at trial." We will address the narrower question actually presented by the facts of this case—whether the trial court may assess as costs the fee charged by a nonparty treating physician for attending an evidence deposition.

Defendant suggests that this issue should be reviewed *de novo*, because it is a question of law. Plaintiff responds that the award of costs is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. Although the cases cited by plaintiff provide a definition of the abuse of discretion standard, they do not support the assertion that the trial court indeed has the discretion to award such costs.

We will review the underlying issue—whether the trial court has the authority to award such costs—*de novo*, because it is a question of law. *Donaldson v. Central Illinois Public Service Co.*, 199 Ill. 2d 63, 100 (2002). Because we conclude that the trial court does not have such authority, we find it unnecessary to consider whether the trial court abused its discretion.

At common law, a losing litigant was not responsible for paying the costs and expenses of his prevailing adversary. *Patterson v. Northern Trust Co.*, 286 Ill. 564, 568 (1919). Since 1845, however, the prevailing plaintiff's recovery of costs has been authorized by statute in Illinois. See Ill. Rev. Stat. 1845, ch. 33, par. 4; Ill. Rev. Stat. 1874, ch. 33, par. 7; Ill. Rev. Stat. 1981, ch. 33, par. 7. Since 1983, the cost-recovery provision has read:

> "If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment *shall be entered* in favor of the plaintiff to recover costs against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money, except in the cases hereinafter provided." (Emphasis added.) 735 ILCS 5/5—108 (West 2000).

A similar provision mandates the award of costs to a prevailing defendant in a civil case (735 ILCS 5/5—109 (West 2000)), and the award of costs to the prevailing party when judgment is granted upon motion (735 ILCS 5/5—110 (West 2000)).

The statutes allowing recovery of costs are in derogation of the common law. Thus, it has long been said that they must be narrowly construed (*Department of Revenue v. Appellate Court, of Illinois, First District*, 67 Ill. 2d 392, 396 (1977)), and that only those costs specifically designated by statute may be taxed as costs (*Ryerson v. Apland*, 378 Ill. 472, 477 (1941)). See, *e.g.*, *Patterson*, 286 Ill. at 568 ("Any party claiming a judgment for his costs against his adversary must bring himself within the operation of some statutory provision, and courts have no power to adjudge costs against anyone on merely equitable grounds").

Although the "power to impose costs must ultimately be found in some statute," the legislature may nevertheless grant the power to the courts to make rules under which costs may be taxed. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162 (1982), citing *Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95, 108 (1935). However, the delegation of rulemaking authority must be explicit: "the courts cannot make such rules or orders and impose costs thereunder unless the power so to do is expressly given them by statute or ratified by legislative enactment." *Wintersteen*, 361 Ill. at 108.

Three sections of the Code arguably provide authority for a trial court to tax as costs the fees of the treating doctor in the present case: sections 5—108, 1—104, and 1—105.

## Section 5—108

Section 5—108 provides that judgment "shall be entered" in favor of the prevailing plaintiff to recover costs against the defendant. 735 ILCS 5/5—108 (West

2000). The provision is mandatory, but as noted above, the mandate must be narrowly construed. The term "costs" is not defined in section 5—108 or any of the previous versions of the statute.

The cardinal rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). When construing a statute, the court should look first to the language of the statute, giving the terms their plain and ordinary meaning. *Paris*, 179 Ill. 2d at 177. The plain and ordinary meaning of the term "costs," however, does not enlighten us. See Merriam-Webster's Collegiate Dictionary 262 (10th ed. 2000) (defining the singular "cost" as "the amount or equivalent paid or charged for something," and the plural "costs" as "expenses incurred in litigation; *esp*: those given by the law or the court to the prevailing party against the losing party").

In *Galowich*, this court stated that the term "costs" has acquired "a fixed and technical meaning in the law." *Galowich*, 92 Ill. 2d at 165. In effect, this court acknowledged that in this context, the word "costs" is a term of art. See Black's Law Dictionary 1483 (7th ed. 1999) (defining a term of art as a word's "specific, precise meaning in a given specialty, apart from its general meaning in ordinary contexts"). The meaning ascribed to the term of art by the *Galowich* court was: "Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." *Galowich*, 92 Ill. 2d at 165-66. This definition is descriptive, but it is not prescriptive. That is, it describes a characteristic shared by all categories of taxable costs ("necessarily incurred"), but it does not prescribe a rule that draws a line between those that must be taxed pursuant to section 5—108 and those that may be taxed pursuant to another statute or

rule. For example, a corporation may appear in court as plaintiff only through counsel. 705 ILCS 205/11 (West 2000); 177 Ill. 2d R. 282(b). Thus, every time a corporate plaintiff is involved in litigation, attorney fees are "necessarily incurred." Yet, such fees have never been suggested to be taxable costs under section 5—108. Neither the plain and ordinary meaning of the word, nor our description in *Galowich*, provide a working definition of the "costs" covered by section 5—108.

Under its definition of "costs," Black's Law Dictionary distinguishes between court costs, the "charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees," and litigation costs, the "expenses of litigation, prosecution, or other legal transaction, esp[ecially] those allowed in favor of one party against the other." Black's Law Dictionary 350 (7th ed. 1999). It is undisputed that section 5—108 mandates the taxing of costs commonly understood to be "court costs," such as filing fees, subpoena fees, and statutory witness fees, to the losing party.

The fee of the treating physician that is at issue in the present case is a "litigation cost," and as such, is not a cost the taxing of which is mandated by section 5—108. Thus, it may be taxed as a cost only if authorized by another statute or by supreme court rule. See, *e.g.*, *House of Vision, Inc. v. Hiyane*, 42 Ill. 2d 45, 51-52 (1969) (noting that, apart from statute, the successful party may not recover "the ordinary expenses and burdens of litigation").

### Sections 1—104 and 1—105

Under section 1—104 of the Code and its precursors, this court has long had the authority to make rules of pleading, practice, and procedure. See Ill. Rev. Stat. 1933, ch. 110, par. 126. At present, section 1—104, entitled "Power of courts to make rules," delegates to this court the "power to make rules of pleading, practice and

procedure for the circuit, Appellate and Supreme Courts supplementary to, but not inconsistent with the provisions of this Act." 735 ILCS 5/1—104 (West 2000).

We note that the court's power to make rules regarding the assessment of costs is not inherent in the judicial power, but "finds its lodgment in the specific legislative grant whereby the court was authorized" to promulgate these rules. *Wintersteen*, 361 Ill. at 108. In *Wintersteen*, this court found express authority "to tax costs covering the reasonable expenses of procuring the testimony which the adverse party ought to admit" in a provision of the Civil Practice Act. *Wintersteen*, 361 Ill. at 108. This court made it clear, however, that absent such express authorization, the court had no authority to promulgate rules regarding taxation of costs. In addition, section 1—104 clearly prohibits the making of rules that would be inconsistent with section 5—108.

In 1955, the legislature delegated additional authority to this court to make rules "for the orderly and expeditious administration and enforcement" of the Code, including rules for the imposition of costs. Ill. Rev. Stat. 1955, ch. 110, par. 3, now codified at 735 ILCS 5/1—105 (West 2000). Further, the Code itself is to be liberally construed, and the "rule that statutes in derogation of the common law must be strictly construed does not apply" to the Code or to "rules made in relation thereto." 735 ILCS 5/1—106 (West 2000).

The express grant of authority in section 1—105, liberally construed, gives this court broad discretion to formulate rules, including the assessment of costs, as a means of enforcing the provisions of the Code. This section does not, however, authorize this court to assess costs merely on the basis of doing equity or to "reimburse the prevailing party" (*Galowich*, 92 Ill. 2d at 165) for his necessary expenses. That rules promulgated under this section are to serve as enforcement mechanisms only is

evident from the context in which the phrase "assessment of costs" appears:

> "The Supreme Court may provide by rule for the orderly and expeditious administration and enforcement of this Act and of the rules, including the striking of pleadings, the dismissal of claims, the entry of defaults, the assessment of costs, the assessment against an offending party of the reasonable expenses, including attorney's fees, which any violation causes another party to incur, or other action that may be appropriate." 735 ILCS 5/1—105 (West 2000).

The provision contains a nonexclusive list of sanctions that may be employed for the purpose of enforcing the Code. Thus, under the authority delegated in section 1—105, this court may make rules regarding the assessment of costs only if such costs are in the nature of sanctions, not if they are "in the nature of incidental damages" (*Galowich*, 92 Ill. 2d at 165).

We now turn to the rules of this court, adopted pursuant to the authority granted in sections 1—104 and 1—105 of the Code, to determine whether the rules permit the trial court to tax as costs the fees of Dr. Wolin.

### Rule 208

Plaintiff asserts that the source of the trial court's discretion to award the fees of Dr. Wolin as costs can be found in Supreme Court Rule 208(d). Rule 208 is contained in part E of our rules, which governs discovery, requests for admission, and pretrial procedure and, as such, was adopted pursuant to section 1—104 of the Code. Rule 208(a) provides that the party "at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending." 134 Ill. 2d R. 208(a). Paragraph (b) of the rule sets the amounts to be paid. "Every witness attending before the officer is entitled to the fees and mileage allowance provided by statute for witnesses attending courts in this State." 134 Ill. 2d R.

208(b). Paragraph (d) states: "The aforesaid fees and charges may in the discretion of the trial court be taxed as costs." 134 Ill. 2d R. 208(d).

Rule 208(d), however, does not permit the trial court to award any or all fees and charges incurred in the taking of the deposition, only those "aforesaid," that is, those fees and charges "[m]entioned above" or "referred to previously" in the body of the rule. Black's Law Dictionary 61 (7th ed. 1999). The charges referred to in paragraphs (a) and (b) of Rule 208 include the reasonable and necessary charges of the recorder or stenographer, charges for transcription and filing, and the statutory fees of the officer taking and certifying the deposition. 134 Ill. 2d Rs. 208(a), (b). As for witness fees, Rule 208(b), titled "Amount," does not mention any fee paid to secure the attendance of a witness beyond the "fees and mileage allowance provided *by statute* for witnesses attending courts in this State." (Emphasis added.) 134 Ill. 2d R. 208(b). A witness attending court receives the statutory fee of $20 per day and $0.20 per mile. 705 ILCS 35/4.3 (West 2000). The plain language of Rule 208(d), therefore, does not authorize the taxing of the cost at issue here.

Nevertheless, when this court last considered the scope of Rule 208, it implied that other expenses associated with depositions might be taxable under the rule. In *Galowich*, the plaintiffs moved for a voluntary dismissal (Ill. Rev. Stat. 1979, ch. 110, par. 52), with the intention of refiling the lawsuit. The defendants objected, asking the court to either dismiss the case with prejudice or to "impose costs beyond the usual items contained in the clerk's bill." *Galowich*, 92 Ill. 2d at 160. The claimed costs included "filing fees, jury demand fees, witness fees, costs of depositions, costs of transcripts, experts costs and related expenses." *Galowich*, 92 Ill. 2d at 160. Defendants estimated their deposition expenses at ap-

proximately $200,000. *Galowich*, 92 Ill. 2d at 160-61. The trial court assessed costs of $219 and defendants appealed. The appellate court reversed, finding that Rule 208(d) authorized the trial court, in its discretion, to tax as costs the expenses incurred in taking depositions when a plaintiff moves for voluntary dismissal. *Galowich v. Beech Aircraft Corp.*, 93 Ill. App. 3d 690, 693 (1981).

In *Galowich*, after noting that the term "costs" has acquired a fixed and technical meaning in the law (*Galowich*, 92 Ill. 2d at 165), we concluded that the "test for when the expense of a deposition is taxable as costs is its necessary use at trial." *Galowich*, 92 Ill. 2d at 167. Although we noted that it might be possible for the use of a discovery deposition to become a necessity, such as when the deposed witness died or disappeared before trial, we concluded that, in general, the cost of taking a discovery deposition is one of the ordinary expenses of litigation and, therefore, not recoverable by the prevailing party. *Galowich*, 92 Ill. 2d at 166.

*Galowich*, however, does not resolve the present case for two reasons. First, in *Galowich*, this court did not interpret the term "costs" in section 5—108 or the phrase "aforesaid costs" in Rule 208 to determine which types of costs might be taxed. Rather, *Galowich* left this threshold question unanswered and formulated a rule to guide the trial court's discretion when taxing costs pursuant to Rule 208.

Second, because our test required necessary use of the deposition at trial, and because the matter in *Galowich* did not proceed to trial, but was resolved by the plaintiff's taking a voluntary dismissal, we concluded that the defendants were not entitled to recover any of the costs incurred in taking discovery depositions. *Galowich*, 92 Ill. 2d at 167. In effect, the determinative factor in *Galowich* was not "necessary use"; it was "at trial." Although this court in *Galowich* may have implied

that all of the costs of a discovery deposition, perhaps even including the professional fees of an expert witness, might be recoverable by a plaintiff who prevails at trial, the entire discussion of deposition expenses and what might or might not constitute "necessary use" was *dicta* because it was not necessary to the resolution of that case.[1]

The present case requires us to address the question left open in *Galowich* and we have done so by limiting costs recoverable under Rule 208(d) to those expressly authorized by paragraphs (a), (b), and (c) of the rule. Our holding must be read as limiting application of the *Galowich* necessary-use-at-trial test to those costs specifically referred to in Rule 208. Thus, if a deposition is necessarily used at trial, only those costs enumerated in Rule 208, not all costs associated with the deposition, may be taxed at the trial court's discretion. Dr. Wolin's professional fee is not such a cost. We must, therefore, look elsewhere for the source of a trial court's authority, if any, to tax as costs the fee charged by a nonparty treating physician whose testimony is taken by evidence deposition.

---

[1]We note also that our subsequent revision of Rule 219, which deals with the "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences," permits a trial court to assess costs and expenses under the circumstances alleged to have existed in *Galowich*. 166 Ill. 2d R. 219(e). Rule 219(e), which is clearly authorized by section 1—105 of the Code as a means of enforcing its provisions, gives the trial court the discretion not only to assess "costs," but to "require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses." 166 Ill. 2d R. 219(e). "[R]easonable expenses" is a much broader term than the term "costs" as it is used in section 5—108 and Rule 208. 166 Ill. 2d R. 219(e), Committee Comments. Expenses that are awarded pursuant to Rule 219(e) are in the nature of sanctions imposed on a party for its abuse of the ability to take a voluntary dismissal without prejudice (see 735 ILCS 5/2—1009 (West 2000)).

Before proceeding further with our consideration of the doctor's fee, we note that defendant also asserts that the trial court erred in taxing as costs the fees of the videographer and court reporter who attended Dr. Wolin's deposition. Such fees are mentioned in Rule 208(a) and, as such, they are among the "aforesaid costs" that the trial court has the discretion to tax under Rule 208(d) if the deposition was necessarily used at trial. As noted above, our suggestion in *Galowich* that use of a deposition would become necessary if a deposed witness died or disappeared before trial was *dicta*. See *Galowich*, 92 Ill. 2d at 166. The present case, however, did proceed to trial and the deposition was admitted into evidence. Thus, we must now address the question that was not squarely presented in *Galowich*—when is a deposition necessarily used at trial?

The trial court in the present case determined that Dr. Wolin's deposition was necessarily used at trial because his testimony was essential to the plaintiff's ability to prove his case. We hold that necessity requires more than mere significance of the deposition in terms of its evidentiary value. A deposition is necessarily used at trial only when it is relevant and material and when the deponent's testimony cannot be procured at trial as, for example, if the deponent has died, has disappeared before trial, or is otherwise unavailable to testify.

Since we cannot determine from the record before us whether Dr. Wolin's evidence deposition was used at trial as a matter of necessity or purely as a matter of convenience, this cause must be remanded to the trial court to determine whether the fees of the videographer and court reporter may be taxed as costs to defendant.

### Rule 204

Plaintiff contends that Rule 204(c), which was adopted in 1985 (subsequent to the *Galowich* decision), confers upon the trial court the discretion to tax as costs

the fee charged by Dr. Wolin for his appearance at the evidence deposition. Rule 204(c) provides:

"Depositions of Physicians. The discovery depositions of nonparty physicians being deposed in their professional capacity may be taken only with the agreement of the parties and the subsequent consent of the deponent or under a subpoena issued upon order of court. A party shall pay a reasonable fee to a physician for the time he or she will spend testifying at any such deposition. Unless the physician was retained by a party for the purpose of rendering an opinion at trial, or unless otherwise ordered by the court, the fee shall be paid by the party at whose instance the deposition is taken." 166 Ill. 2d R. 204(c).

The rule creates two exceptions to the general rule that the party at whose instance the deposition is taken will bear the cost. Plaintiff misconstrues the first exception, which applies only when a party deposes a physician retained by the opposing party for the purpose of offering opinion testimony at trial. In this circumstance, the party who retained the expert is responsible for his or her "professional fee, as well as other fees and expenses provided for in Rule 208." 166 Ill. 2d R. 204, Committee Comments, at lxvi. However, a nonparty treating physician, even though he or she may offer an opinion during testimony, is not an expert or opinion witness in the sense used here. See *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 234-35 (1988) (determining that treating physicians are not "expert witnesses" within meaning of then-applicable pretrial disclosure rule). See also *Boatmen's National Bank of Belleville v. Martin*, 223 Ill. App. 3d 740, 742 (1992) (determining that treating physicians are not opinion witnesses under Rule 220). Thus, this exception to the general rule does not apply to Dr. Wolin's deposition in the present case.

The second exception provides that the trial court may order "otherwise." Clearly, there are some circum-

stances, such as those contemplated by Rule 219(e), under which it would be within the discretion of the trial court to order that a treating physician's reasonable fee be taxed as a cost. Plaintiff's assertion that this language authorizes the trial court's taxing of Dr. Wolin's professional fee is incorrect, however, because Rule 204(c) speaks only of discovery depositions and Dr. Wolin gave an evidence deposition.

## Rule 212

Rule 212(b), which was adopted pursuant to the court's section 1—104 powers, governs evidence depositions, that is, those depositions taken in anticipation of the potential need to use them at trial. Evidence depositions may be used for any purpose for which a discovery deposition may be used and if, at the time of trial, certain conditions are met may be used by any party for any purpose. 188 Ill. 2d R. 212(b). The rule requires that before an evidence deposition may be used at trial, the court must give consideration to both the "interest[s] of justice" and the "importance of presenting the testimony of witnesses orally in open court." 188 Ill. 2d R. 212(b)(3).

Evidence depositions by physicians, however, need not meet the conditions imposed on depositions by others to be admissible at trial. "The evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent, without prejudice to the right of either party to subpoena or otherwise call the physician or surgeon for attendance at trial." 188 Ill. 2d R. 212(b). In effect, doctors are different. Our rules permit physicians to give evidence depositions for their own convenience and the convenience of parties, notwithstanding the strong preference for live testimony.

Keeping in mind that defendant could not have been taxed to pay Dr. Wolin's professional fee if he had testified live at trial, we find no justification in Rule 212 for

the award of his fee for the evidence deposition, the taking and use of which is permitted as a matter of convenience.

Because the issue in this case may be resolved by construction of the applicable statutes and rules, we have not considered the various public policy arguments made by the parties in favor of or in opposition to the ability of a prevailing party to recover these costs. We suggest that such concerns be addressed to the legislature.

## CONCLUSION

We, therefore, hold that a trial court is neither required by section 5—108 nor permitted by other statute or rule to tax as costs to the losing party the professional fee charged by a nonparty treating physician for attending an evidence deposition. We reverse that part of the appellate court's judgment affirming the trial court's taxing as costs the professional fee of Dr. Wolin and that part of the trial court's judgment awarding these costs.

In addition, because the fees of the videographer and court reporter are not taxable as costs under Rule 208(d) unless the deposition was necessarily used at trial, that portion of the appellate court's judgment affirming the taxing of these costs and that portion of the trial court's judgment taxing these costs are also reversed. This cause is remanded to the circuit court for reconsideration of the taxing of these fees as costs in light of this opinion.

*Appellate court judgment*
*reversed in part;*
*circuit court judgment*
*reversed in part;*
*cause remanded.*

JUSTICE RARICK, concurring in part and dissenting in part:

I cannot agree with the majority's refusal to permit plaintiff to recover as costs the professional fees charged

by Dr. Wolin, nor do I see the need to remand the cause for further consideration as to whether Wolin's deposition was necessarily used at trial.

Whether a trial court may grant a prevailing plaintiff's motion to tax as costs the professional fees charged by the plaintiff's treating physician for testifying at an evidence deposition is not a question of first impression. It has been considered on numerous occasions by our appellate court. Although that court has not spoken with a single voice on the matter, the various districts have recognized, as the Third District recognized in the case before us today, that such fees may be recovered by plaintiff where the plaintiff can show that the evidence deposition was "necessarily used at trial." See *Irwin v. McMillan*, 322 Ill. App. 3d 861, 865-67 (2d Dist. 2001); *Boehm v. Ramey*, 329 Ill. App. 3d 357, 366-67 (4th Dist. 2002); *Woolverton v. McCracken*, 321 Ill. App. 3d 440 (5th Dist. 2001); *Perkins v. Harris*, 308 Ill. App. 3d 1076 (5th Dist. 1999); see also *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 464 (1st Dist. 2000) (distinguishing circumstances in that case from Fifth District's opinion in *Perkins v. Harris*).

With the exception of a badly splintered disposition by the Fourth District in *Myers v. Bash*, 334 Ill. App. 3d 369 (2002), no court of review in Illinois has suggested that the professional fees charged by a treating physician to testify at an evidence deposition can never be taxed as costs against a losing defendant. To the extent that there is any disagreement among the various districts, that disagreement concerns when and under what circumstances an evidence deposition can be regarded as having been "necessarily used at trial." The Second District has taken the view that the standard is only met where the plaintiff shows that the witness who was deposed has subsequently died or disappeared. See *Irwin v. McMillan*, 322 Ill. App. 3d at 866. The Third District in this case

and the Fifth District in *Perkins v. Harris*, 308 Ill. App. 3d 1076, have opined, however, that a trial court does not abuse its discretion when it taxes as costs the professional fees charged by a treating physician to testify at an evidence deposition where the physician is unavailable to appear at trial due to his demanding work schedule.

In my view, the position taken by the Third and Fifth Districts is a sound one. Contrary to the majority's view, the case before us does not present a situation where the physician was deposed solely for his own convenience or the convenience of the parties. Considering the distance between the physician's practice in Chicago and the place of trial in Will County as well as the burdens of the doctor's workload, the circuit court could certainly have concluded that plaintiff would not have been able to obtain the doctor's testimony voluntarily absent the evidence deposition. Because the doctor was plaintiff's treating physician and the only person who could testify regarding plaintiff's injuries and treatment, there can be no serious question that his testimony was indispensable at trial.

For the foregoing reasons, I would hold that the circuit court did not err when it included in the costs taxed against defendant the professional fees charged by plaintiff's treating physician to appear at the evidence deposition. Consistent with that view, I would further hold that there is no need to set aside the award of fees for the videographer and court reporter who served at that deposition pending remand to determine whether the doctor's evidentiary deposition was necessarily used at trial. The judgment of the appellate court should be affirmed outright without further delay. Accordingly, I respectfully dissent.

JUSTICE KILBRIDE joins in this partial concurrence and partial dissent.