_____No. 3--07--0829

_____

Filed October 20, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| LAWRENCE PEET, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY SCHULTZ VOOTS, | ) | |
| Will County Clerk, | ) | |
| | ) | No. 07-MR-524 |
| Defendant-Appellant | ) | |
| | ) | |
| (James Alaimo, Scott Glasscock, | ) | |
| Saul Brass, Darryl Prince, | ) | |
| Michelle Adams, George Malone, | ) | |
| Thelma Kirkland, and Phyllis | ) | |
| Abernathy, | ) | Honorable |
| | ) | Barbara N. Petrungaro, |
| Defendants). | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:

_____

Plaintiff, Lawrence Peet, filed an election contest in Will County, Illinois, to challenge the results of a local school board election. The county clerk of Will County, Nancy Schultz Voots, was named as one of the defendants. Peet ultimately prevailed in the suit and, upon motion, was awarded costs of $701 against Voots. Voots appeals the costs award, arguing: (1) that the trial court lacked statutory authority to award costs in Peet's favor, and (2) that even if the trial court had statutory authority to award costs, the award is improper as against Voots because she is not a real party in interest. We reverse the trial court's order.

FACTS

In April of 2007, an election was held in Will County, Illinois, to elect four full-term members to the Board of Education of the Laraway Community Consolidated District No. 70-C (the school board). Peet was one of the nine candidates for the four positions. After the election had been completed, Voots, in her official capacity as the county clerk and the election authority for school board elections, canvassed the returns, certified the number of votes received by each candidate, and officially proclaimed the results of the election. Peet was not a winner of one of the school board positions. He finished fifth, two votes behind the fourth-place candidate, Thelma Kirkland.

In June of 2007, after conducting a discovery recount, Peet filed a verified petition to contest the results of the school board election, pursuant to section 23-20 of the Election Code (10 ILCS 5/23-20 (West 2006)). The other candidates for the school board positions were named in the suit as defendants, along with Voots in her official capacity as the county clerk. All of the defendants, except Voots and Kirkland, were defaulted for failing to appear. Peet was granted a recount in two of the precincts involved and was ultimately found to be one of the rightful winners of the election, finishing fourth, ahead of Kirkland. Upon motion, the trial court awarded Peet costs of $701 against Voots. This appeal followed.

ANALYSIS

On appeal, Voots argues that the trial court erred in awarding costs against her. Voots does not challenge the amount of costs but, rather, asserts that the award is improper because the trial court lacked statutory authority to make the award. Voots contends that the Election Code (10 ILCS

2

5/1-1 et seq. (West 2006)) does not specifically provide for an award of ordinary costs to a prevailing plaintiff and that the costs provisions of the Code of Civil Procedure (735 ILCS 5/1-101 et seq. (West 2006)) do not apply to an election contest. In the alternative, Voots asserts that even if the trial court has statutory authority to award costs, such an award is improper as against her because she is not a real party in interest in the election contest.

Peet argues that the award of costs is proper and should be affirmed. Peet asserts in his brief on appeal that statutory authority exists for the award of costs in this case pursuant to either section 5-108 or 5-118 of the Code of Civil Procedure (735 ILCS 5/5-108, 5-118 (West 2006)), which Peet contends are incorporated into an election contest through section 23-23 of the Election Code (10 ILCS 5/23-23 (West 2006)). At oral argument before this court, Peet asserted further that the entire Code of Civil Procedure, including section 5-108 and 5-118, is incorporated into an election contest by way of the enacting legislation (Pub. Act 82-280, §19c-101, eff. July 1, 1982), which provided that the Code of Civil Procedure applies to "all cases and proceedings" commenced after the effective date of the Act. As to Voots's argument in the alternative, Peet asserts that Voots is a real party in interest in the election contest and that an award against Voots is proper for public policy reasons.

Whether a court has statutory authority to award costs is a question of law subject to de novo review on appeal. Grate v. Grzetich, 373 Ill. App. 3d 228, 231, 867 N.E.2d 577, 579 (2007). Illinois courts follow the American Rule and will not award costs or attorney fees to a prevailing party unless recovery of those items is provided for by statute or by contract between the parties. Morris B. Chapman & Associates, Ltd. v. Kitzman, 193 Ill. 2d 560, 572, 739 N.E.2d 1263, 1271 (2000); Vicencio v. Lincoln-Way Builders, Inc., 204 Ill. 2d 295, 299, 789 N.E.2d 290, 293 (2003). Section

3

5-108 of the Code of Civil Procedure provides for a mandatory award of costs to a prevailing plaintiff in certain civil cases. 735 ILCS 5/5-108 (West 2006); Vicencio, 204 Ill. 2d at 299-300, 789 N.E.2d at 293. Section 5-118 of the Code of Civil Procedure, titled "[c]osts on dismissal," provides for a mandatory award of costs to a defendant upon dismissal in a civil case and allows for a discretionary award of costs "in all other civil cases, not otherwise directed by law." 735 ILCS 5/5-118 (West 2006). Such statutes, which allow for the recovery of costs, are in derogation of common law and must be narrowly construed. Vicencio, 204 Ill. 2d at 300-01, 789 N.E.2d at 293-94. Thus, our supreme court noted in Vicencio that section 5-108 only mandates that those costs commonly understood to be "court costs," such as filing fees, subpoena fees, and statutory witness fees, be taxed against the losing party in a civil case. Vicencio, 204 Ill. 2d at 300-02, 789 N.E.2d at 294-95.

In the present case, we are called upon to decide whether section 23-23 of the Election Code provides for an award of ordinary costs to the prevailing party. By ordinary costs, we mean the type of court costs that were referred to in Vicencio and would be mandated by section 5-108 of the Code of Civil Procedure. Although section 23-23 of the Election Code allows the election authority to recoup the cost of providing certain services in connection with an election contest if the petitioner's efforts fail to change the results of the election, section 23-23 contains no provision that specifically provides for the recovery of ordinary costs. See 10 ILCS 5/23-23 (West 2006). Section 23-23 does, however, provide that an election contest "shall be tried in like manner as other civil cases." 10 ILCS 5/23-23 (West 2006). The question before this court thus becomes whether the "other civil cases" language from section 23-23 brings into election contest cases the costs provisions contained in sections 5-108 and 5-118 of the Code of Civil Procedure.

When construing the language of a statute, such as that in section 23-23, in addition to

4

applying the general rules of statutory construction (see <u>Vicencio</u>, 204 Ill. 2d at 301, 789 N.E.2d at 294), a court must also consider and apply the Statute on Statutes (5 ILCS 70/0.01 <u>et seq</u>. (West 2006)), unless to do so would be contrary to the manifest intent of the legislature or the context of the statute in question. 5 ILCS 70/1 (West 2006). Section 1.22 of the Statute on Statutes is particularly relevant here. Section 1.22 provides that " '[o]ther civil cases' and 'ordinary civil cases' or any equivalent expression, when used with reference to practice, procedure, or appeal, shall be deemed to refer to cases under the Civil Practice Law [(735 ILCS 5/2-101 <u>et seq</u>. (West 2006))], and all existing and future amendments thereto and modifications thereof, and the Supreme Court Rules as now or hereafter adopted." 5 ILCS 70/1.22 (West 2006).

When construed in light of section 1.22 of the Statute on Statutes, it is clear that the reference to "other civil cases" contained in section 23-23 of the Election Code serves to incorporate into election contest cases the provisions contained in the Civil Practice Law. See 5 ILCS 70/1.22 (West 2006); <u>People ex rel. Southfield Apartment Co. v. Jarecki</u>, 408 Ill. 266, 271-75, 96 N.E.2d 569, 572-74 (1951) (language in Revenue Act (Ill. Rev. Stat. 1949, ch. 120, par. 718) providing for appeals to the supreme court "as in other civil cases," when construed in light of section 1.22 of the act on construction of statutes then in effect (Ill. Rev. Stat. 1949, ch. 131, par. 1.22), requires that the procedures specified in the Civil Practice Law be followed, if the Revenue Act is silent on the matter); <u>Lang v. Board of Education of Community School District No. 16</u>, 109 Ill. App. 2d 195, 197, 249 N.E.2d 862, 863 (1969) (Civil Practice Law controls matters of procedure for school election contest, unless matters are specifically regulated in Election Code). However, only article II of the Code of Civil Procedure is referenced as the "Civil Practice Law." 735 ILCS 5/1-101 (West 2006). The costs sections, which Peet wishes to take advantage of, are contained in article V of the

Code of Civil Procedure and are not incorporated into an election contest by the reference in section 23-23 to "other civil cases." In addition, contrary to Peet's assertion at oral argument, the language of the enacting legislation does not serve to incorporate article V of the Code of Civil Procedure into an election contest. We must, therefore, reject Peet's argument on this point. We find that there is no statutory authority allowing the trial court to award ordinary costs in the instant election contest.

The holding in Brueggemann v. Young, 128 Ill. App. 200 (1906), cited by Peet, does not change our decision in this matter. In reaching that conclusion, we recognize that there are similarities between the facts of the Brueggemann case and the facts of the present case. The appellate court in Brueggemann considered a lower court's ability to award ordinary costs in an election contest under a chancery statute similar to section 5-118 of the Code of Civil Procedure. Brueggeman, 128 Ill. App. 200. The statute provided that " 'in all other cases in chancery, not otherwise directed by law, it shall be in discretion of the court to award the costs or not.' " Brueggeman, 128 Ill. App. at 204, quoting Rev. Stat. 1874, ch. 33, §18. Almost in direct parallel to the facts of the present case, the statute in Brueggeman creating the election contest proceeding provided that election contest cases " 'shall be tried in like manner as cases in chancery.' " Brueggemann, 128 Ill. App. at 203, quoting Ill. Rev. Stat. 1935, ch. 120, par. 210. The Fourth District Appellate Court upheld the lower court's ruling in Brueggeman and in so doing implicitly found or assumed that the language of the election contest statute was sufficient to bring into the proceedings the costs provisions from chancery law. Brueggemann, 128 Ill. App. 200. We are not convinced, however, that the result would be the same under the current statutes.

In the present case, we are faced with a statute directly on point, section 1.22 of the Statute on Statutes, which provides a definition of "other civil cases." That definition must be applied, unless to do so would be contrary to the manifest intent of the legislature or the context of the statute

6

in question. 5 ILCS 70/1 (West 2006). The definition of "other civil cases" provided in section 1.22 brings into election contest cases only those provisions contained in article II of the Code of Civil Procedure, which is known as the Civil Practice Law. See 5 ILCS 70/1.22 (West 2006). Section 1.22 makes no reference to the provisions contained in article V of the Code of Civil Procedure, and we cannot read such a reference into the statute. See Town & Country Utilities, Inc. v. Illinois Pollution Control Board, 225 Ill. 2d 103, 117, 866 N.E.2d 227, 235 (2007) (a court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent). In addition, in the instant case, we are faced with competing rules of statutory construction. Although statutes in general are to be liberally construed (see 5 ILCS 70/1.01 (West 2006); 735 ILCS 5/1-106 (West 2006)), costs statutes are in derogation of common law and must, therefore, be construed narrowly (Vicencio, 204 Ill. 2d at 300-01, 789 N.E.2d at 293-94).

Having determined that there is no statutory authority for an award of ordinary costs in the present case, we need not rule upon Voots's alternative contention that an award of costs against her is improper because she is not a real party in interest in the case. To the extent that Peet argues that an award of costs is proper for public policy or equitable reasons, we note that courts may not award costs merely upon equitable grounds. Patterson v. Northern Trust Co., 286 Ill. 564, 568, 122 N.E. 55 (1919); Vicencio, 204 Ill. 2d at 300, 789 N.E.2d at 293-94. Costs may only be awarded if they are provided for by statute or by contract. Morris B. Chapman & Associates, Ltd., 193 Ill. 2d at 572, 739 N.E.2d at 1271; Vicencio, 204 Ill. 2d at 299, 789 N.E.2d at 293.

For the foregoing reasons, we reverse the judgment of the circuit court of Will County.

Reversed.

LYTTON and WRIGHT, J. J. concurring.

7